FLORIDA MOTOR TRANSPORTATION COMPANY, *Plaintiff in Error*, v. CLARENCE HILLMAN, *Defendant in Error*.

Opinion Filed May 24, 1924.

This case was decided by Division A.

1. In an action for damages resulting from injury to one because of the negligent act of another a declaration which definitely alleges the act which caused the injury and that it was negligently done sufficiently states a cause of action, in so far as the negligent act complained of is concerned.

2. Contributory negligence is a matter of defense. The plaintiff in an action for damages resulting from the negligence of another is not required to negative negligence on his part.

3. The driver of an automobile is required to exercise reasonable care to avoid injury to persons lawfully upon the highway. The pedestrian and the automobile driver have equal rights in the street. The obligations of pedestrians and automobile drivers using the highways set apart for vehicles are reciprocal.

4. An automobile driver is not an insurer of the limbs and lives of pedestrians. In case of an unavodiable accident resulting in injury to a pedestrian, from a moving automobile, the driver is not liable if there was no preexisting negligence upon his part.

5. In an action for damages resulting from the negligent act of another the plea of not guilty denies the alleged breach of the defendant's duty toward the plaintiff.

6. Unless the defendant pleads contributory negligence on plaintiff's part that defense is not available and the defendant can derive no benefit from it unless the contributory negligence appears from the evidence offered in behalf of the plaintiff.

7. In an action for damages resulting from the negligent act of another and the parties go to trial upon the general issue a charge to the jury which instructs them that the burden is upon the plaintiff to show negligence on the defendant's part is correct.

8. The entire charge of the court, or the entire portion of it bearing on a subject, must be considered in determining whether the charge is free from error.

9. In an action for damages for injury to a pedestrian on a public highway resulting from a negligent act of the driver of an automobile and the parties go to trial upon the general issue, a charge that it is for the jury to determine under all the circumstances in the evidence how far the failure on plaintiff's part to observe the approach of the automobile is indicative of want of care on his part, and that it was his duty to use ordinary care to avoid the consequences of another's negligence but that duty does not arise until the negligence of the other is existing or the circumstances are such that an ordinary prudent person would have reason to apprehend its existence, correctly states the law.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Robineau & Yonge, Frank Smathers* and *Fred T. Myers,* for Plaintiff in Error;

*Armstead Brown, Clifton D. Benson, Burwell & Shipp* and *Alfred R. Kline,* for Defendant in Error.

ELLIS, J.—The defendant in error recovered a judgment against the plaintiff in error for twenty-five hundred dollars in an action for damages for personal injuries.

17—Vol. 87.

Hillman, the plaintiff below, was engaged in the work of putting up signs and advertisements on the road side on the Ingraham Highway about sixteen hundred feet south of Larkins Station on the Florida East Coast Railway. He was using an automobile and had parked the same against the curbing upon the right side of the road going south. The defendant below, the Florida Motor Transportation Company, operated a "bus line" upon that highway. The first declaration alleged that the defendant "carelessly and negligently propelled and ran its motor bus against and upon the said Clarence Hillman, plaintiff, with great force and violence, whereby," etc. It was alleged that the plaintiff suffered injuries and was compelled to lay out a large sum of money for medical service and claimed ten thousand dollars damages. A demurrer to this declaration was overruled.

A motion was made to require the plaintiff to amend his declaration by describing more particularly the injuries he sustained; to set out with greater particularity the "negligence and carelessness" of defendant alleged to be the cause of the injury and to describe more particularly the place where the plaintiff was injured. This motion was also overruled.

The court, however, ordered that the "defendant's motion for a bill of particulars" be granted. The record does not disclose that any such motion was made. The bill of particulars filed showed expenses for hospital, physicians, nurses and ambulance.

The defendant pleaded not guilty, contributory negligence, and third, that as the bus approached the plaintiff's car the operator gave due and proper signal of its approach, the plaintiff was hidden from view and as the motor bus was passing the automobile the plaintiff "negligently" disregarding the signals of the approaching bus,

"stepped suddenly" in front of it; that the operator used every possible effort to avoid striking the plaintiff, but "the left front portion of said motor bus struck the plaintiff before the motor bus could be stopped."

On motion these pleas were stricken. Afterward the plaintiff filed an "Amended" declaration after leave granted.

Another entry, however, states that the plaintiff "amends his declaration" by "adding thereto two counts." The assignment of error based upon the order overruling the demurrer to the first count, therefore, will have to be disposed of because that count was retained. That assignment was not well taken.

The declaration alleged that the defendant "carelessly and negligently propelled and ran its motor bus against and upon the said Clarence Hillman." The relation between the parties was alleged to be that of travelers upon the common highway; the plaintiff walking across the highway and the defendant driving a motor bus upon it. The act causing the injury was the driving of the motor bus against the plaintiff; that act was alleged to have been negligently done. Whether the motor bus was driven too rapidly; whether the chauffeur was incompetent; the brakes loose and ineffective or the chauffeur inattentive— any one of these may have been the particular fact constituting the negligence which the court has held to be unnecessary to allege in the declaration. See German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552, Ann. Cas. 1918A 971; 20 Stand. Ency. Proc. 307.

The second count of the declaration as amended alleges that the accident occurred at eleven o'clock in the morning; the plaintiff had stopped his automobile on the right hand

516　　SUPREME COURT OF FLORIDA.

Fla. Motor Transp. Co. v. Hillman—Opinion of Court.

side of the road, facing south, that he was on the left hand side of the machine, that he "stepped back from his automobile about eighteen inches but was still to the right of the middle of said road," when the defendant ran its bus negligently upon the plaintiff.

The third count alleged that the plaintiff had stopped his automobile on the right hand side of the Ingraham Highway going south, a short distance south of Larkins; that he had descended from the automobile and was standing on the left hand side of the car "leaning over in said car" to get a sign which he intended to place on the left hand side of the highway as the defendant's bus approached; that both plaintiff and his automobile were to the right of the center of the highway; that the plaintiff "straightened up and stopped and stepped backward one step from his automobile" still leaving him to the right of the center of the road; that the defendant negligently operated its bus and struck the plaintiff.

There is practically no difference between the second and third counts as to the position of the plaintiff's automobile and himself upon the highway. It is distinctly averred that his car was upon the right hand side going south and he standing upon the road between his automobile and the center of the road.

Demurrers to these counts were also overruled and such order constitutes the basis of the seventh assignment of error. There was no error in that ruling. The plaintiff was not required to negative negligence upon his part; contributory negligence is a matter of defense. See Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 South. Rep. 918; City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182.

The order of the court striking the pleas of contributory negligence was not assigned as error; so that ruling is not reviewed. The case went to trial on the plea of not guilty.

At the close of the testimony for the plaintiff the defendant moved the court to direct a verdict in its favor. The denial of this request is made the basis of the eighth assignment.

There was no error in that ruling. It cannot be said there was no evidence to sustain the plaintiff's allegation of negligence. The evidence offered in plaintiff's behalf tended to show that the accident occurred in the daytime, upon, a roadway about sixteen feet wide, approximately sixteen hundred feet south of Larkins. The plaintiff's automobile was standing upon the right side of the road going south. The plaintiff was standing near the left side of his car bending over it, and in that position between his car and the center of the road. The motor bus was traveling south upon that road at a rate of speed approximately twenty or twenty-five miles per hour. For several hundred feet the plaintiff's car and himself were in full view of the approaching bus. The plaintiff, hard of hearing and busy about his own machine, seemed not to be aware of the approach of the motor bus nor to have heard the signals that were given of its approach. Under these circumstances the defendant's car struck the plaintiff and injured him.

The driver of an automobile is required to exercise reasonable care to avoid injury to persons lawfully upon the highway. The pedestrian and the automobile driver have equal rights in the street. The obligations of pedestrians and automobile drivers using the highways set apart for vehicles are reciprocal. See Lane v. Sargent, 217 Fed. Rep. 237, 133 C. C. A. 231; Wollaston v. Stiltz, — Del. —, 114 Atl. Rep. 198; Wortman v. Trott, 202 Ill. App. 528; Pool v. Brown, 89 N. J. L. 314, 98 Atl. Rep. 262.

The evidence did not tend to show an unavoidable accident; if it had there would have been no liability because

an automobile driver is not an insurer of the limbs and lives of pedestrians. In this case the evidence did tend to establish pre-existing negligence upon the part of the driver of the bus, in that the plaintiff and his automobile were in plain view of the driver of the bus and could have been seen by him several hundred feet away but his failure to observe these objects in the roadway in time to avoid the accident constituted negligence and careless conduct which was the proximate cause of the injury.   Because had he exercised the prudence and care which the law cast upon him he could have avoided the accident, according to the evidence adduced for· the plaintiff, ·if his automobile or motor bus was traveling at a reasonable rate of speed.

We have examined ·the several instructions given and those which were requested by the defendant and denied and are of the opinion that in view of the case and the evidence of the plaintiff there was no error.   The pleadings in the case presented a very narrow issue.   The parties went to trial upon the plea of not guilty, which merely denied the alleged breach of defendant's duty toward the plaintiff.   See Rule 71 Circuit Court Law Actions.

No assignment of error was made upon the court's ruling in striking the pleas of contributory negligence and unless contributory negligence on plaintiff's part appeared from the evidence offered in his behalf the defendant could not take advantage of that defense.   And charges requested involving the law of contributory negligence in such case were inapplicable because that element in the transaction did not appear from the evidence adduced by the plaintiff. It is true that it appears from his own evidence that he was deaf but it did not appear that he failed or refused to exercise the remaining sense of sight which he possessed while he was in the roadway.   Stepping back from his

automobile fifteen or sixteen inches into the road did not of itself under the circumstances constitute contributory negligence, where there was still left over half of a sixteen foot roadway upon which the defendant could have passed.

In an action in tort for damage for personal injuries where the defendant does not interpose the plea of contributory negligence he may not avail himself of that defense unless the evidence adduced by the plaintiff shows that his own negligence contributed to the injury or that it was the proximate cause.

The defendant in an action like this could be guilty of negligence and yet the injury could have been avoided if the plaintiff had used ordinary care but that he failed to use such care is a matter of defense and when it is not interposed the defendant cannot avail himself of it unless it appears in the plaintiff's evidence. See Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516; Farnsworth v. Tampa Electric Co., 62 Fla. 166. 57 South. Rep. 233.

Instruction numbered two, therefore, which was as follows:

"2. A person running an automobile is bound to take notice of a person standing or walking in the roadway and to use due care not to needlessly injure him," is not objectionable as omitting the converse of the proposition: that a person standing or walking in the roadway is bound to take care not to needlessly suffer injury from approaching vehicles.

Charge numbered three was not objectionable in view of the evidence. It did not assume that the driver failed to give warning but merely announced the correct rule that in addition thereto he should have avoided the injury if reasonably possible.

Other charges requested and refused involved the law

of contributory negligence. as the same was developed in evidence offered in behalf of defendant.

It is objected that charge numbered six assumes that the defendant carelessly operated the motor bus. We do not agree with counsel that the charge bears such interpretation. It was as follows: "The automobile or vehicle, while an instrument of great utility, is also, when carelessly operated, a dangerous agency; and when operated in or along public highways should be operated with due and reasonable care for the safety of pedestrians as well as persons traveling in other vehicles along said highway." This charge taken in connection with others given, clearly shows that the court informed the jury that the burden was upon the plaintiff to show that the motor bus was carelessly or negligently operated. It is familiar law in this State that the entire charge, or the portion of a charge, bearing on a subject must be considered in determining whether the charge is free from error. See Willingham v. State, 21 Fla. 761; Gracy v. Atlantic Coast Line R. Co., 53 Fla. 350, 42 South. Rep. 903; Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 South. Rep. 838; Charlotte Harbor & N. Ry Co. v. Truette, 81 Fla. 152, 87 South. Rep. 427.

The seventh charge which was as follows: "When one is placed suddenly in a situation of great danger, he is not required to use the deliberate judgment of a man under no apprehension of immediate·danger," was not inapplicable to the case as made by the plaintiff's evidence. A witness for the plaintiff said that the plaintiff was standing "right up beside the Ford truck, right on the left hand side, and he ran out to the right of the road with the little hammer in his hand. And I think he made back a little, that was after he came back, he made back a little toward the center and the next thing he was out about twelve foot

there and I helped pick him up myself." The plaintiff himself said he did not recollect what hapened. Interpreting the evidence as best we can, and as the trial court and jury seemingly did, the plaintiff must have instantly before he was struck apprehended his danger. The evidence, while not perfectly clear upon the point, is nevertheless susceptible to such inference.

Charges numbered eight and eleven are also attacked, but we find no error in them. In charge numbered eight the jury were told that it was not necessarily the duty of a pedestrian, as a matter of law, when lawfully using the highway to be constantly on the look out for automobiles; that it is for the jury to determine under all the circumstances in the evidence how far the failure to observe the approach of an automobile is indicative of want of care on the part of the pedestrian. While in the eleventh charge the court instructed the jury that it was the plaintiff's duty to use ordinary care for his own protection but that while one is bound to use ordinary care to avoid the consequences of another's negligence the duty does not arise until the negligence of the other is existing or the circumstances are such that an ordinary prudent person would have reason to apprehend its existence.

We regard these charges taken together as correctly stating the law as applicable to the pleadings and the evidence.

The remaining assignments of error rest upon the refusal of the court to give certain instructions requested by the defendant. Those charges contain principles involving the law of contributory negligence as the defendant's evidence tended to establish it; but as there was no such defense presented by the pleadings and as that defense did not appear in the plaintiff's evidence the charges were correctly refused.

The defendant, by its counsel, presented the single issue of not guilty. That is to say, it did not commit the wrong alleged. It denied merely its breach of duty. The evidence offered by it to show that the plaintiff stepped suddenly into the road, from a place where he was not seen prior thereto by the driver of the bus, and that when the plaintiff got into the road the bus was too near to avoid the accident, tended to establish the ''unavoidable accident'' character of the transaction. In such case the defendant would not be liable; but the jury evidently did not accept that evidence in preference to that offered by the plaintiff.

It is not permissible however, under the plea of not guilty to construct a defense of contributory negligence which in its nature is equivalent to an admission of carelessness in some particular but that the injury would have been avoided if the plaintiff, by his carelessness, or negligence, had not contributed to it.

The plaintiff was not prepared to try a case of contributory negligence. His case, under the pleadings, was complete when he showed to the satisfaction of the jury by a preponderance of the evidence that he was injured by an act of negligence on the defendant's part under the circumstances alleged in his declaration.

If the defendant desired to offer any excusing circumstance, such as contributory negligence on plaintiff's part, he should have pleaded it and then proved it; but he cannot have the benefit of such defense unless he pleads it or it appears in the evidence of the plaintiff.

The judgment of the Circuit Court is affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.