JAMES M. ROBB v. GEORGE PIKE.

161 So. 732.
Division B.
Opinion Filed May 28, 1935.
Rehearing Denied June 20, 1935.

*Blanchard & Hoffman* and *E. W. & R. C. Davis,* for Plaintiff in Error;

*Booth & Dickinson,* for Defendant in Error.

ELLIS, P. J.—George Pike brought an action for damages in the Circuit Court for Pinellas County against James M. Robb for personal injuries and recovered judgment in the sum of seven hundred dollars.

The injuries were received by Mr. Pike in an effort by him to cross Ninth Street in the City of St. Petersburg between Fifth and Seventh Avenues not at the intersection of any street when he was struck by the defendant's automobile traveling south on the west side of the street.

The defendant seeks to reverse the judgment on writ of error.

The declaration alleged that the defendant drove his automobile in a negligent and careless manner; that the plaintiff walked at an ordinary rate of speed to cross Ninth Street at or about Seventh Avenue north; that the time

was about 7:30 o'clock on the evening of April 8, 1933; that the defendant's automobile struck the plaintiff, throwing him to the pavement causing the injuries of which he complained.

The parties went to trial on the plea of not guilty and contributory negligence.

At the conclusion of the testimony the defendant moved for a directed verdict which was denied. He also moved after verdict for a new trial, the grounds being that the evidence was not sufficient to support the verdict. That motion was also denied.

The facts in the case are substantially without dispute. The defendant was driving his own automobile traveling southward on Ninth Street. The time was Saturday evening about seven-thirty or eight o'clock on April 8, 1933. The traffic was reasonably heavy, by which is meant probably that many automobiles were passing to and fro on the highway. A street car track lies in the center of Ninth Street. The defendant's automobile was traveling at about twelve or fifteen miles per hour on the right or west side of the street, looking south. The defendant had his automobile under perfect control. He stopped his vehicle within two feet after he felt its impact upon defendant. The wheels of the machine did not touch the plaintiff as he fell and lay upon the pavement in the path of the automobile.

The plaintiff undertook to cross Ninth Street from the east side. He walked to the street car track, looked to the right, saw the defendant's approaching car, proceeded to cross the street in front of the automobile walking at an ordinary rate of speed and was struck by the left fender or bumper of the defendant's car and thrown to the street. The defendant had observed a boy crossing the street at about the same place immediately before the automobile

struck the plaintiff. The defendant's attention had been drawn to the boy to see that he had passed safely. The defendant did not observe the plaintiff as he attempted to cross the street. Sometime afterwards at the hospital the defendant, who had called there to enquire as to the condition of the plaintiff, said to him, according to the plaintiff's testimony, that the defendant "was to blame" for not seeing the plaintiff. The defendant denied making such an admission, saying that he did not regard himself to be at fault.

We do not perceive in the record before us any evidence which tends to establish negligence or carelessness on defendant's part in the operation of his automobile immediately before or at the time of the accident. It is not shown that the rate of speed at which he was driving the car was in the circumstances excessive, nor does the evidence tend to show directly or by inference that he did not have complete control of his automobile. A youth of about sixteen years of age had just passed in front of the defendant's approaching car and naturally his attention was centered upon that person to see that he had passed safely when the plaintiff observing the approaching machine left the center of the street where he was standing and, walking at an ordinary rate of speed, stepped in the path of the oncoming car.

The acknowledgment of fault by the defendant where no evidence of negligence appears is not sufficient to create a cause of action against him. If there were no liability under the law the admission that he deemed himself to be at fault because he did not see the plaintiff as he walked in front of the approaching car in the circumstances does not establish his liability nor does his opinion as to fault in him because he did not see the plaintiff before he was

struck establish carelessness in the circumstances as the evidence revealed them. See McClusky v. Duncan, 216 Ala. 388, 113 South. Rep. 250; Parker v. Employers Casualty Co. (La. App.), 152 South. Rep. 373.

No person is an insurer of the safety of others. See Fla. Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 South. Rep. 31; Florida R. Co. v. Dorsey, 59 Fla. 260, 52 South. Rep. 963.

One who has performed his full duty with respect to the exercise of care is not liable for an injury to the person of another which he could not reasonably have foreseen even though the injury resulted from some act or omission on his part. Fla. Motor Transportation Co. v. Hillman, *supra*. In that case a motor bus which was being driven along the public highway struck Hillman, who had stopped his automobile on the right hand side of the road going south and had gotten out of his car and stepped back from it about eighteen inches, but was in that position still on the right of the center of the road. The court held that the evidence established pre-existing negligence upon the part of the driver of the bus in that the plaintiff and his automobile were in plain view of the driver of the bus and could have been seen by him several hundred feet away. It was held that his failure to observe those objects in the roadway in time to avoid the accident constituted negligence which was the proximate cause of the injury, because had he exercised the prudence and care which the law cast upon him he could have avoided the accident.

The case at bar is not similar in any important detail. The time of day and reasonably heavy traffic tended to impair rather than facilitate one's power of observation. While the plaintiff may have been in plain view of the driver of the approaching car, it is not shown that he came into

view in time to enable the defendant to avoid the accident. The defendant's attention at that time was directed to another careless person, a youth of about sixteen years, who assumed to cross the street in front of the approaching automobile, and the defendant who had observed him was concerned, as naturally he would be, about the safety of the indiscreet youth and was careful to see that he had passed to a safe place on the west side of the street. At that instant the defendant's automobile struck the plaintiff, who likewise attempted to cross the street and proceeded at an ordinary rate of speed to step in front of the approaching car. The obligation of pedestrians and automobile drivers using the highways set apart for vehicles are reciprocal. Florida Motor Transportation Co. v. Hillman, *supra*.

The obsession which seems to possess some people that the right of a pedestrian to the use of the highway is superior to that of the driver of an automobile using the same highway is without foundation in law or common sense. The air of indifference, lack of concern with which some pedestrians walk along or attempt to cross a thoroughfare used and occupied by moving automobiles is like the stupid insouciance of bovine intelligence and ignorant arrogance.

The case of Stover v. Stovall, 103 Fla. 284, 137 So. 249, may not accurately be cited as authority for the proposition that even when the defendant may be guilty of some negligence in driving his automobile, yet a person injured by colliding with it through negligence of his own may not recover. That was a case where a little girl ran across the street immediately in front of the approaching car, which was under full control of the driver who was conforming to the rules of the road. There was a directed verdict for the defendant and the judgment based upon it was affirmed by a divided court, one of the Justices agreeing

to the conclusion, two Justices dissenting on the ground that merely because a verdict may be set aside on motion for a new trial is no warrant to sustain the direction of a verdict. While there is no disagreement between the members of the Court on that proposition as stated, yet a majority of the members of the Court thought that in the circumstances of that case the directed verdict was proper.

In this case, plaintiff, a man of mature years who is supposed to be of superior intelligence and certainly of longer experience of the dangers one may encounter during the day from the activities of the busy world than a little girl, walks deliberately at a reasonable rate of speed in front of an approaching automobile of whose presence he was aware, certainly by such conduct he contributes proximately to whatever injury he may sustain from collision with the moving car.

The new trial should have been granted, so the judgment is reversed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.