ABRAHAM GREIPER v. HELEN F. COBURN, *et vir.*

190 So. 902
Division B
Opinion Filed July 18, 1939
Rehearing Denied Sept. 15, 1939

*Roland W. Granat,* for Plaintiff in Error;

*McKay, Dixon & DeJarnette,* for Defendants in Error.

CHAPMAN, J.—Plaintiff in error, Abraham Greiper, filed suit in the Circuit Court of Dade County, Florida, and charged in a single count the defendant, Helen F. Coburn, joined by her husband, with the negligent operation of an automobile near the corner of Alton Road and Fifth Street in Miami Beach, Dade County, Florida, which proximately caused his injuries. The case went to trial on a plea of not guilty and one charging that the plaintiff was guilty of negligence proximately contributing to his injuries by carelessly and negligently proceeding across a heavily traveled street without due regard for his own safety under the circumstances.

The jury heard all the testimony of the respective parties, the charges of the court upon the law of the case, argument of counsel for the respective parties, and then returned into court a verdict of not guilty. The plaintiff below filed a

motion for a new trial on numerous grounds, and upon argument the same was denied and final judgment entered in the lower court for the defendant. The plaintiff below then perfected his appeal to this Court and has assigned here a number of errors, based largely upon events occurring during the progress of the trial of the cause in the court below.

The evidence shows that the plaintiff alighted from a street car near the corner of Fifth Street and Alton Road in Miami Beach on the early morning of January 27, 1937. The street car on which plaintiff had been riding was approximately 45 minutes late. The street car from which plaintiff alighted did not stop at its usual stopping point, but stopped between 40 and 50 feet south of the place marked on the street where pedestrians usually cross this main arterial highway of Miami Beach. Plaintiff, after alighting from the street car, proceeded from the street car and was going in an easterly direction toward some buses and in doing so it was necessary for him to cross the street, and after taking two or three steps into the street, was struck by an automobile which knocked him down, fractured several ribs and injured his left ankle. He was taken to the hospital and there treated for his injuries for several days. There is competent testimony in the record to show permanent injuries.

The plaintiff undertook, as shown from the record, to cross the street at the place where injured, which was a place "not marked" nor used by pedestrians as a crossing point of the street, the street, or Alton Road, being one of the main arteries of travel of Miami Beach. The evidence shows that the plaintiff could have seen, had he so observed, the approach of an automobile for several blocks at the point or place where he received his injuries. He testified

to hearing a noise just prior to his being struck by the motor vehicle and the noise so heard was the application of the brakes to the car which injured him. The marks on the pavement showed that the car stopped within five feet after the brakes were applied. The plaintiff offered several witnesses as to the accident and injuries resulting therefrom and the defendant adduced testimony as to an ordinance of the City of Miami Beach regulating the use of the street where the collision occurred and the testimony of a physician who had examined the plaintiff since the injuries were sustained. Broadly speaking, it may be said that the facts controlling the accident are not in dispute but the dispute turns largely upon the extent of the plaintiff's injuries.

It is contended by counsel for plaintiff in error that the evidence adduced shows that the defendant below was guilty of actionable negligence and the verdict should have been for the plaintiff. The rule of law is well settled that the operator of a motor vehicle is required to exercise ordinary, reasonable, or due care toward pedestrians. The drivers of automobiles must share the streets with pedestrians and each person on the highway must so exercise his right to use it as not to injure others, and must exercise such caution as an ordinary prudent person would exercise under like circumstances. In other words, the rights of the pedestrians and motor vehicles in a public street are equal and each is obliged to act with due regard to the movements of the other. See Robb v. Pike, 119 Fla. 833, 161 So. 732; Clair v. Meriwether, 127 Fla. 841, 174 So. 591; Florida Motor Transp. Co. v. Hillman, 87 Fla. 512, 101 So. 31; Mathers v. Botsford, 86 Fla. 40, 97 So. 282; 32 A. L. R. 881; Pillet v. Ershick, 99 Fla. 483, 126 So. 784, 786.

The next question propounded by counsel for plaintiff in error in his brief is, viz.:

"In a case, where the defendant has pleaded contributory negligence, and offers no proof of contributory negligence but relies upon the admissions and statements of the plaintiff to relieve him from the burden of proof, and the only admissions or statements of the plaintiff which could tend to establish contributory negligence were answers upon cross-examination, which answers (placing the worst construction upon them against the plaintiff), would only establish that the plaintiff failed to look for approaching danger, was it proper for the court to allow the question of contributory negligence to go to the jury, in the absence of proof that the plaintiff was charged with the duty to look for or had reason to apprehend danger?"

The record here shows that the defendant tendered a plea of contributory negligence and counsel for plaintiff in error contends that the burden of establishing this defense was on the defendant and that the plaintiff could not, from his own evidence or testimony, establish the issue of contributory negligence. We cannot agree to this contention in its entirety. It is true that proof of contributory negligence must be maintained by the defendant in the case at bar, unless the plaintiff's own evidence shows that a presumption of contributory negligence is plainly inferred from the testimony adduced, in which case the burden of proof is shifted and it becomes the duty of the plaintiff to remove such presumption. See Louisville & N. R. Co. v. Yniestra, 21 Fla. 700; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Taylor v. Prairie Pebble Phosphate Co., 61 Fla. 455, 54 So. 904. We think there is ample evidence offered by the plaintiff to show contributory negligence on his own part when he failed to observe the approach of automobiles at the time that he attempted to cross Alton Road. There was no obstruction or anything to prevent the observance

of the approaching car which struck plaintiff had he only looked for cars on the street that he attempted to cross.

It is contended that the trial court should have charged the jury that the burden of proving contributory negligence was on the plaintiff and the following charges so given were erroneous in the light of the entire charges or instructions so given:

"The burden of proof in regard to proving the issues of fact is upon the plaintiff. The plaintiff, in regard to the issues of fact, in order to be entitled to a verdict from you, must prove by a preponderance of the evidence those material allegations of his declaration that are denied or in issue. * * *

"You are further instructed that even if you should believe and find from a preponderance of the evidence in this case that the defendant Coburn was guilty of some negligent conduct, if you also believe from the evidence that the plaintiff, Mr. Greiper, himself was guilty of some negligent conduct and that his negligence proximately helped to produce or bring about the collision then I charge you that he is not entitled to recover. The law does not permit you to determine which of two parties has been most negligent. If you find that they are both negligent and if the negligence of the plaintiff proximately helped to produce or bring about the accident then the law leaves them where it finds them and neither has the right to an action against the other."

It is the settled law of Florida that in passing upon single instructions or charges, the same must be considered in the light of all other instructions given bearing upon the same subject, and if, when so considered, the law appears to have been fairly presented to the jury, such assignment must fail. See Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400,

43 So. 318; Lewis v. State, 55 Fla. 54, 45 So. 998. We fail to find error in this assignment.

It is next contended that the verdict found by the jury is not supported by the evidence. We have read the entire record and carefully. observed the instructions to the jury upon the law of the case. It was clearly the duty of the trial court to submit the issues to the jury under appropriate instructions, which was done in the lower court. There appears clearly evidence of contributory negligence on the part of plaintiff, as shown by the testimony of the plaintiff, and for this reason it was not necessary for the defendant to offer evidence in support of his second plea of contributory negligence. It is true that this testimony presents a question to be settled by the jury.

Where there is a conflict or a dispute in the testimony on the issues made and the verdict so found by the jury is not manifestly against the weight of the evidence and the question being one within the province of a jury to settle, the court should not set the verdict aside. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557.

Careful consideration has been given the entire record, the briefs, and authorities cited by counsel have been examined, and after hearing oral argument at the bar of this Court on the part of counsel for the respective parties, we have concluded that no error of law or procedure appears in the case at bar.

Therefore the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as au-

300

thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.