### C. W. BRANDT v. W. G. DODD

8 So. (2nd) 471  En Banc
May 26, 1942  Rehearing Denied June 20, 1942

636

Oven & Oven, and B. C. Stanley, for plaintiff in error.

Charles S. Ausley, John C. Ausley, B. K. Roberts, and Rodney Durrance, for defendant in error.

CHAPMAN, J.:

This appeal is to review a final judgment in the sum of $12,000.00 for the plaintiff below entered by the Circuit Court of Leon County, Florida. The plaintiff below sustained described personal injuries alleged to have been caused by the negligent operation of an automobile on North Monroe Street in the City of Tallahassee on December 14, 1940, near or at the intersection of said street with Georgia Street. The automobile which injured the plaintiff was operated by Ward Fields, with the knowledge and consent of C. W. Brandt, the defendant below.

The first count of the declaration alleged that the plaintiff was injured by the negligent operation of defendant's car while plaintiff was crossing North Monroe Street between Georgia and Brevard Streets, in the City of Tallahassee. The second count alleged the negligent operation of the defendant's car and plaintiff was injured at the crossing situated on the north side of the intersection of Georgia Street with Monroe Street, which was at the time and place of injury a congested shopping area of said city. The third count is similar in allegations to the first count but alleged that plainitff was injured at a regular street crossing on North Monroe Street. The issues were submitted to the jury on pleas of the general

issue and contributory negligence, directed to each count of plaintiff's declaration.

The first question posed by counsel for appellant for adjudication is viz: When the operator of a motor vehicle at night and in heavy traffic suddenly and unexpectedly becomes blinded by the lights of an approaching vehicle and fails to stop his car instantly, is he necessarily liable for damages because while so blinded he struck a pedestrian within a space of less than thirty feet when the pedestrian was crossing the street at a place other than an intersection?

It is conceded that the driver of the defendant's car struck Dr. Dodd on December 14, 1940, about 6:00 or 6:30 P. M., near the intersection of Georgia and Monroe Streets. Likewise, that at the time of the collision the car was being driven north on Monroe Street at the rate of 20 to 30 miles per hour; that cars with bright lights displayed moving from an opposite direction were approaching the driver of the defendant's car. These cars with lights displayed, with a gradual increase in the elevation of North Monroe Street, the vision of the lights fell in the face of the driver, thereby affecting his vision, and this situation occurred shortly prior to the collision. There is but little, if any, contest by counsel as to the extent or seriousness of the injuries sustained by Dr. Dodd. The time plaintiff was injured was when the people of the community were engaged in buying the weekly supply of groceries and occurred near one of the places where sold. The area was congested with people and motor vehicles.

The testimony is conflicting on the point of where Dr. Dodd was standing,—whether in the street or street intersection,—when struck by the car. One

witness placed the point as being on a line with the south wall of the building where groceries were sold. Another witness who followed for some distance the driver of the defendant's car was of the view that the car was being driven at from 25 to 30 miles per hour. The traffic was heavy and the area where the impact occurred was at the time congested with shoppers and motor vehicles, and the driver had a knowledge of these conditions. Counsel for appellee contend that it was negligence *per se* for the car in question to proceed into this congested area at a speed of 20 to 25 miles per hour when lights of cars traveling in the opposite direction affected the vision of the driver of the car. Counsel for appellant contend that the plaintiff was guilty of contributory negligence and is precluded from a recovery because he was attempting to cross North Monroe Street at a place where there was no street intersection when struck by defendant's car.

The defendant below, appellant here, filed pleas of contributory negligence and the burden of establishing these pleas was on the defendant, unless direct testimony established the plea of contributory negligence or by fair inference from plaintiff's testimony the pleas were established. It is our view that the disputes and conflicts in the evidence as to whether or not Dr. Dodd was guilty of contributory negligence by crossing or attempting to cross North Monroe Street at a place other than an intersection and that his failure to observe the possible dangers or risks in attempting to cross the street were the proximate cause of the injury were questions of fact to be settled by the jury under appropriate instructions. See Hart v. Held, 149 Fla. 33, 5 So. (2nd) 878; Ferlita & Sons

Inc. v. Beck, 143 Fla. 509, 197 So. 340; Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann Cas. 1913C 564; Atlantic Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 So. 712.

In the case of Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881, the facts show that the plaintiff was walking along a public road at night when the defendant's car was being driven in the same direction behind the plaintiff; a car was approaching from the opposite direction and the bright lights blinded the driver of defendant's car and prevented him from seeing the plaintiff in time to avoid striking him. This Court sustained a judgment for the plaintiff and enunciated a rule to be observed by drivers of automobiles and pedestrians when using the roads. It was said:

"Under these circumstances when the vision of the driver of the defendant's car was so obstructed or obscured by the bright lights on the car coming from the opposite direction that he could not see any one on the road ahead of him, it was the duty of the driver of the defendant's car to exercise all ordinary and reasonable care and diligence to avoid injury to any one who might rightfully be on the road in front of him, even to the extent if need be of stopping his car if he could not see ahead of him because of the bright lights on the car he was meeting on the road. Pedestrians have rights in a proper use of public roads for travel, and drivers of vehicles should exercise due care so as not to injure others.

"While it may be negligence for a driver of an automobile to permit the bright lights on his car to obscure or obstruct the vision of a driver of another car on a public highway, yet this does not relieve the

driver of the other car of the duty to exercise due care required by the circumstances and even to stop if that is reasonably required to avoid injury to persons who may lawfully be on the road, but whose presence is not known to the driver because of the blinding light on another vehicle then approaching."

Likewise in Greiper v. Coburn, 139 Fla. 293, 190 So. 902, was said:

". . . The rule of law is well settled that the operator of a motor vehicle is required to exercise ordinary, reasonable, or due care toward pedestrians. The drivers of automobiles must share the streets with pedestrians and each person on the highway must so exercise his right to use it as not to injure others, and must exercise such caution as an ordinary prudent person would exercise under like circumstances. In other words, the rights of the pedestrians and motor vehicles in a public street are equal and each is obliged to act with due regard to the movements of the other. See Robb v. Pike, 119 Fla. 833, 161 So. 732; Clair v. Meriwether, 127 Fla. 841, 174 So. 591; Florida Motor Transp. Co. v. Hillman, 87 Fla. 512, 101 So. 31; Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881; Pillet v. Ershick, 99 Fla. 483, 126 So. 784, 786."

Counsel for appellant contends that the rule in Mathers v. Botsford, supra, should not control in the case at bar because the driver in the instant case did not see Dr. Dodd before he was blinded and had no reason to believe that any one would be crossing the street in the middle of the block at night and in heavy traffic; that cars were immediately behind the defendant's car and the driver knew if he applied the brakes the car behind would crash into his car. Counsel cite

Farley v. Ventresco, 307 Pac. 441, 161 Atl. 534; Turner v. Good, 167 Wash. 27, 8 Pac. (2nd) 414, 415. We have examined the rule enunciated by the Pennsylvania and Washington Courts. We cannot assume that Dr. Dodd was in the middle of North Monroe Street when struck by the defendant's car. The evidence as to where Dr. Dodd was stationed when struck is disputed and conflicting and presents a question of fact for a jury under appropriate instructions. We hold that the law controlling pedestrians and automobiles in the common use of the road in Florida is established.

Questions two and three presented for adjudication are viz:

When a pedestrian is struck, in heavy traffic on a busy street at a place other than an intersection by an automobile, the lights of which were burning and the approach of which could easily have been seen, in the absence of proof that the pedestrian took any precautions for his own safety, was the pedestrian entitled to recover for his resulting injuries?

When a pedestrian is struck by an automobile in heavy traffic at night on a busy street at a place other than an intersection by an automobile, the lights of which were burning and the approach of which could easily have been seen, in the absence of proof that the pedestrian took any precaution for his own safety, was it not error to refuse a requested charge that the right of the pedestrian to use the highway is not superior to that of the driver of a motor vehicle and that it would be contributory negligence for a pedestrian to enter a street without having carefully looked before doing so, or to emerge into a street from between parked automobiles?

It is contended that the burden of proof under the law was on the plaintiff below to establish by competent testimony the negligence of the defendant, as the plaintiff while attempting to cross the street in the middle of the block failed to observe such care and caution as the exigencies of the situation required and he contributed to the proximate cause of his injuries and cannot recover, and the trial court erred in refusing to grant the defendant a directed verdict. It is urged that the testimony given by the witnesses Johnson, Proctor, Pichard, McKinnon, Eubanks, and others, sustain this contention. We cannot as a matter of law hold that Dr. Dodd when struck was in the middle of the block or at the intersection. An inference exists from the testimony that he was at or near the intersection, but likewise there is evidence that he was at a point other than the intersection when injured. These are questions of fact for a jury and not of law.

Counsel for appellant requested the trial court to charge the jury, in part, viz:

"4. 'I further charge you that the mere fact of an accident occurring in which bodily injuries result does not in and of itself raise any presumption of negligence or constitute any evidence thereof, and that unless you find from the evidence that the defendant's driver was driving in a careless or reckless manner, and also find that the plaintiff was not guilty of contributory negligence, you should render a verdict for the defendant.

"5. I further charge you that the contention that the right of a pedestrian to the use of a highway is superior to that of the driver of an automobile using the same highway is without foundation in law, and

that it is contributory negligence on the part of pedestrians to enter a street without having carefully looked before doing so, or to emerge into a street from between automobiles parked along the curb at a point otherwise than at intersection where traffic is heavy or when the night is dark and rainy.' "

We have reviewed the instructions given by the trial court in the light of the contention here presented. While it may be true that the instructions given could have been improved upon in a few minor details, we do not feel justified in concluding that error exists in the instructions given when considered as an entirety. See Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726; Becker v. Blum, 142 Fla. 60, 194 So. 275; City of Hollywood v. Bair, 136 Fla. 100, 186 So. 818.

Questions four and five posed for adjudication are viz:

Where there is evidence from which a jury could reasonably find a plaintiff guilty of contributory negligence, where such contributory negligence, if existing, actually continued up to the very time of the injury and was a concurring cause thereof, and where the defendant actually failed to observe the plaintiff, or realize his danger, is the doctrine of "Last Clear Chance" applicable?

Where there is evidence from which a jury could reasonably find a plaintiff guilty of contributory negligence, where such contributory negligence, if existing, actually continue up to the very time of the injury and was a concurring cause thereof, and where the defendant actually failed to observe the plaintiff, or realize his danger, is it harmful error to give a charge to the jury on the doctrine of "Last Clear Chance?"

It is contended that the testimony adduced did not justify the trial court in instructing the jury viz:

"I further instruct you gentlemen of the jury even though the plaintiff were guilty of contributory negligence in the instant case in placing himself in a dangerous position in the street, he may still recover from the defendant if the driver of the defendant's automobile knew, or by the exercise of reasonable diligence could have known, of the perilous position of the plaintiff and yet had the opportunity to avoid injury to the plaintiff but wholly failed to avail himself of this opportunity and thereby caused the injury to the plaintiff.

If you believe from the evidence in this case that the plaintiff was negligent in attempting to cross the street just prior to the time of the accident, and if you also believe that the driver of the defendant's automobile saw the plaintiff in this perilous situation, or by the exercise of reasonable diligence could have seen the plaintiff in such a perilous situation, and by the exercise of reasonable and ordinary care could have avoided the accident, and if you believe from the evidence that the plaintiff did all things possible to extricate himself from his perilous situation and that his negligence was not concurring at the time of the accident, then you must find for the plaintiff."

The testimony of Ward Fields, driver of the defendant's car, is presented in support of the contention made and is, in part, viz:

"Q. How far past the light post were you when you hit him? A. About thirty-six feet. Q. Was he nearer the center of the street or towards the curb? A. Nearer the center line of the street. Q. When did you first see him, Ward? A. I didn't see him

until I hit him.  Q.  Did you see him as you hit him?
A.  When I hit him.  Q.  Were you looking where you
were going?  A.  Yes, sir.  Q.  Why didn't you see
him?  A.  The car lights ahead of me blinded me.
Q.  The cars going on the other side of the street?
A.  Yes, sir.  Q.  The cars headed towards town?
A.  Yes, sir.  Q.  Had you ever been blinded by lights
in that particular place before?  A.  No, sir.  Q.
Did you realize before you went there you might get
blinded by these lights?  A.  No, sir.  Q.  As soon
as you saw Dr. Dodd did you try to stop your car?
A.  I didn't see him.  Q.  As soon as you hit him did
you try to stop your car?  A.  Yes, sir.  Q.  How far
was it before you did stop?  A.  About five feet I
would say.  Q.  Did you stop as soon as you could?
A.  Yes, sir."

The answer to the questions is that the driver of
the car approached this congested area at a speed of
from 20 to 30 miles per hour.  The driver knew that
it was Saturday night and people were then shopping
at the stores near where plaintiff was injured.
Whether or not defendant's car was traveling at the
rate of 20 to 30 miles per hour at the time and place
of the collision, under the conditions and circum-
stances then prevailing, was negligence *per se* was a
jury question.  It is shown that the driver at the
time of plaintiff's injury had continued driving on the
street at a speed of 20 to 30 miles per hour blinded
by the lights of cars traveling in the opposite direc-
tion.  The automobile is a dangerous instrumentality
when in operation on public streets and under circum-
stances under which he approached the area the driver
of the car was required to exercise the proper care for
pedestrians lawfully about the area and to stop his car,

or reduce the speed, or wait until his vision was clear, so the safety of others lawfully in the area would not be jeopardized. The impact occurred at a time when the driver's vision was impaired. Dr. Dodd was carried several feet on the fender of the car, when the car could have earlier been brought to a stop if the proper care and caution had been exercised by the driver. See Mathers v. Botsford, *supra,* and other cases hereinbefore cited.

The remaining question for adjudication is viz.: Where the evidence shows that the actual expenses sustained by a plaintiff as a result of a physical injury will not exceed five thousand dollars and the only additional damages shown are an estimated twenty-five per cent disability in one leg, the plaintiff being over sixty years of age and employed in a sedentary occupation, is not a verdict of twelve thousand dollars grossly excessive despite pain and suffering sustained by the plaintiff?

The testimony shows that the plaintiff had expended approximately $3,600.00 or $3,700.00 for hospitalization, operations, medicine, and other incidentals, as a result of his injuries; that it was likely other surgical operations would be required; and that the operation would render the plaintiff permanently lame in that one leg would be shorter than the other and a 25% disability in its use would exist; plaintiff's suffering had been continuous and severe since the collision; and an additional operation would cost approximately $1,000.00 While the plaintiff has been unable to carry forward his duties as the head of the English Department of the Florida State College for Women, nevertheless he has received monthly his salary check since December, 1940. It is reasonable to assume that Dr.

Dodd will experience pain and suffering for the remainder of his life because of the injuries sustained in this collision.

The record has been carefully examined, the briefs studied, the authorities cited have been given proper consideration, and, after hearing able oral argument on the part of counsel for the respective parties, we fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.