HOBSON, Justice.
This is an appeal by defendant from final judgment of the circuit court on a verdict for plaintiff.
The complaint alleged that on January S, 1954, defendant’s automobile negligently struck the plaintiff, a pedestrian, near the intersection of 4th Street and Rosemary Avenue in West Palm Beach. Defendant answered with a general denial and interposed the defense of contributory negligence. The case was tried before a jury and a verdict for plaintiff was rendered in the amount of $1,500. At the close of all the evidence, defendant moved for a directed verdict and this motion was denied. A motion for judgment notwithstanding the verdict was'also denied.
The only question presented is whether the verdict for plaintiff was supported by substantial competent evidence.
The record shows that Rosemary Avenue, a through one-way street, runs north and south, intersected at right angles by Fourth Street, which is a stop street. The accident occurred during the hours of daylight. Plaintiff, and old and infirm man, testified that he was walking straight across Rosemary Avenue in a westerly direction. His starting point had been twenty feet north of the northeast corner of the intersection. Before he reached the opposite curb, he testified, he was struck by the defendant’s automobile. The driver of the defendant’s automobile testified that he had been proceeding east on Fourth Street, and that he stopped for the stop sign at the intersection and turned left into Rosemary Avenue, proceeding in a northerly direction. As he turned, his vision was obscured by a large truck, which was parked on Rosemary Avenue parallel to the curb near the northwest corner of the intersection. When he came around the corner, he saw the plaintiff for the first time and stopped between five and eight feet from him, whereupon the plaintiff staggered and fell to the left of the car, and the car never touched the plaintiff.
The conflict of this testimony was resolved by the jury in plaintiff’s favor. On the issue of negligence, the jury could have inferred that the defendant’s driver breached his duty of due care in making the left turn too suddenly when his vision was partially obscured by the truck. The plaintiff, too, testified that he “didn’t see the car at all until it was near by me.” But the difference in the situation of the parties was that one was in control of a dangerous instrumentality while the other was not.
The showing of negligence was, in our opinion, sufficient to sustain the verdict. This leaves for consideration the issue of contributory negligence which appellant contends bars the plaintiff from recovery. *684 Appellant relies in large' measure upon the case of Miami Transit Co. v. McConnell, Fla., 61 So.2d 488. While the facts of that case are not given in the opinion, the original file is said to merit examination. We have therefore studied it, and find that the plaintiff in the McConnell case, a pedestrian, was attempting to penetrate a heavy moving stream of traffic while walking contrary to the signals of a police officer, who was directing the traffic, when the accident occurred. That is not the case here.
Appellant herein further relies upon an ordinance of the City • of West Palm Beach, which reads in part:
“Every pedestrian crossing a roadway at a point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway.”
The jury could have inferred, from the facts of this case, that the plaintiff did not have a fair opportunity to yield the right of way to the defendant’s vehicle, and that consequently the ordinance was inapplicable.
We think the case of Brandt v. Dodd, 150 Fla. 635, 8 So.2d 471, relied upon by appellee, is helpful in the premises. In that case we held that the act of crossing a street at a place other than an intersection was not contributory negligence per se, but raised a question of fact to be resolved by the jury under . appropriate instructions. We think that the principle is applicable to this case, and, that the jury was authorized to conclude that defendant had not proved the defense of contributory negligence.
Affirmed.
DREW, C. J, and THOMAS and THORNAL, JJ, concur.