DREW, Justice.
The plaintiff in the trial court appeals from a final judgment in a negligence action entered pursuant to a directed verdict after plaintiff had rested. The complaint charged defendant Taylor with negligently operating the truck of defendant Acme Produce, Inc. in such a manner as to strike and injure the plaintiff. Defendant’s answer denied negligence, asserted that plaintiff’s injury was the proximate result of her own negligence and that plaintiff was guilty of contributory negligence.
*844 The following is a summary of plaintiff’s evidence. The driver, called as an adverse witness, admits he saw plaintiff standing on the raised cement divider in the center of the street before the alleged accident. The divider was shown by photographs to be about eighteen inches wide and six inches high. There is no evidence that she changed her position during the sequence of events which followed. The driver testified he was travelling north in the middle lane of the east half of a six-lane highway which was bisected by the raised cement divider. At a point opposite plaintiff’s position on the divider the driver was forced to turn toward plaintiff, and thereafter to pass between plaintiff and two. trucks and an automobile which were parked abreast. Upon completing the passage the driver turned his stake body truck, the rear portion of which extended some eight inches outward of the wheels, back into the middle lane. Then, by the driver’s estimate, he travelled forty feet before he stopped in response to a shout from the sidewalk for Acme to stop. At that time people from the sidewalk moved across the street to aid plaintiff who was lying in the east half of the street near the divider.
It was only a second or two between the time the truck passed plaintiff’s position and the time a shout stopped him; the investigating officer testified that four vehicles could be maneuvered abreast on the street, but that it takes careful driving; the officer also testified that he found marks on the white divider near where plaintiff was found and white marks on the front left tire of the truck; and the doctor who examined plaintiff testified that a wound in plaintiff’s right arm could not have been caused by a fall, but must have been caused by the force of a sharp object. There was no eyewitness testimony as to the actual collision. Plaintiff could not testify because at the time of the trial she was non compos mentis. The driver did not testify that he saw plaintiff after his truck cab passed her position. Plaintiff’s case, therefore, rested entirely on circumstantial evidence as to whether or not the rearward portion of the truck struck her.
It is trite, but necessary, to state that the driver had a duty to avoid striking a pedestrian whom he saw. See Greiper v. Coburn, 1939, 139 Fla. 293, 190 So. 902. There is no evidence in the case presented here which would make it necessary for the court to discuss possible factors which might reduce or qualify this duty.
 The directed verdict cannot rest on the theory that the plaintiff was guilty of contributory negligence as a matter of law. There was no evidence before the trial court that plaintiff walked into the truck or moved at all, and it was not contributory negligence as a matter of law for her to be standing on the cement street divider at a place outside of a crosswalk in the process of crossing the street. See Brandt v. Dodd, 1942, 150 Fla. 635, 8 So. 2d 471. The only other basis on which the court could have directed the verdict was the failure of plaintiff to establish prima facie a case of negligence on the part of defendant Taylor. The evidence above narrated, although circumstantial, presented facts sufficient under our holdings in De Hon v. Heidt, Fla.1945, 38 So. 2d 39 and Goff v. Miami Transit Co., Fla. 1955, 77 So.2d 636 to require submission to the jury. Also see Nelson v. Ziegler, Fla.1956, 89 So.2d 780 and Cadore v. Karp, Fla., 91 So.2d 806.
Reversed.
TERRELL, C. J., and HOBSON, ROBERTS and THORNAL, JJ., concur.
THOMAS and O’CONNELL, JJ., dissent.