PER CURIAM.
The defendant in the trial court seeks reversal of an adverse final judgment entered in a non-jury trial. The actions in the trial court sounded in tort, alleging a survival action and a wrongful death. We affirm.
The final judgment arrived in this court with a presumption of correctness. Bardee Corporation v. Arnold Altex Aluminum Co., Fla.App. 1961, 134 So.2d 268; Jeffreys v. Simpson, Fla.App. 1969, 222 So.2d 224. All conflicts of evidence and reasonable inferences therefrom are resolved in favor of the judgment. Miami National Bank v. Fink, Fla.App. 1965, 174 So.2d 38; Weiss v. Stone, Fla.App. 1969, 220 So.2d 403. It is not the province of an appellate court to substitute its judgment for that of a jury in rendering a verdict or that of a trial judge in entering a finding of liability in a non-jury case. Meredith v. Orcutt, Fla.App. 1968, 214 So.2d 380; Nixon Construction Company v. Dover, Fla.App. 1969, 218 So.2d 458.
The accident occurred when the decedent was attempting to cross Collins Avenue, Miami Beach, from east to west. At the time, Collins Avenue had two northbound lanes and two southbound lanes, with the easternmost lane a parking lane. It appears from the record that there were no intersections in the vicinity and there were no marked crosswalks; that the decedent was at least midway across the two north driving lanes when he was struck by the right front of a bus when it was in the process of changing lanes. The bus driver testified that he was awnre of pedestrians crossing in the area; that, because of the changing of lanes, his vision necessarily was diverted from the front of the bus to his left rearview mirror. We find no contributory negligence and, there being sufficient competent evidence to support the trial court’s finding of liability, it should be affirmed. Brandt v. Dodd, 150 Fla. 635, 8 So.2d 471; Coleman v. Phipps, Fla. 1955, 82 So.2d 682; Bankers Life & Casualty Company v. Pinkerton-Hays Lumber Company, Inc., Fla.App. 1966, 186 So.2d 551; Boulevard National Bank of Miami v. Gulf American Land Corporation, Fla.App. 1968, 212 So.2d 17.
Affirmed.