WALDEN, Judge.
An automobile and a motorcycle collided one night at a “T” street intersection. The minor passenger on the motorcycle, joined by his father, brought a negligence suit against the automobile operator, Mrs. Zimmerman, and the owner for the minor’s personal injuries.
The jury denied recovery, whereupon the trial court voided the verdict and entered judgment non obstante verdicto for plaintiffs in the sum of $35,000.00. The trial court further provided that, if his decision and judgment be reversed, then, in such event, a second or alternative decision would go into effect and the plaintiffs would be granted a new trial upon the issue of liability only. We reverse totally and respectfully direct the re-establishment of the jury verdict.
To shortly re-create, we begin by adopting the plaintiff’s sketch:

The intersection was governed by a regular garden variety three phase traffic signal with a green — yellow—red sequence. It did not have a left turn arrow or signal. The vehicles approached from opposite directions with defendant, Mrs. Zimmerman, intending to make a left turn. She entered the left turn lane and stopped at the pedestrian line while the light was green. She entered the intersection when the light changed to yellow. The light changed to red and when oncoming traffic, seen by Mrs. Zimmerman as consisting of two automobiles, stopped to honor the red light Mrs. Zimmerman attempted to complete her turn at a speed of about 2 miles per hour. Her car was then struck by the motorcycle in the intersection.
The motorcycle as it approached the intersection was traveling in its right hand or curb lane behind and obscured by two automobiles. When the automobiles stopped for the red light, the motorcycle came around the stopped vehicles by changing into its unobstructed left hand or inside lane. It then accelerated into the intersection against the red light at a speed estimated as high as 50 miles per hour.
It appears that the jury was thoroughly and correctly instructed as to all pertinent issues, including negligence, the violation of a traffic regulation, and proximate cause. The case was well and competently tried and there is no hint of error, improper influence, erroneous ruling or instruction, or otherwise, in the way the case was presented to the jury. The only thing deemed “wrong” was the result reached by the jury.
How were the appealed decisions reached? The trial court found as a matter of law that Mrs. Zimmerman violated Sections 186.61 and 186.63, Florida Statutes 1967, F.S.A., by crossing the intersection in the face of the red light. The trial court held as a matter of law that such violation was prima facie evidence of negligence which was not overcome by proof of surrounding circumstances and conditions. It was further held as a matter of law that this violation was a proximate cause of the plaintiff’s damages. The trial court cited in support Marsden v. Patane, 380 F.2d 489 (5th Cir. 1967); Parker v. Hofheinz, Fla. *696 App.1966, 181 So.2d 367; Holland v. Watson, Fla.App.1968, 215 So.2d 498.
We have examined the listed cases in detail and find that they are readily distinguishable because of the differing fact pictures there found. These cases, in more or less detail, correctly recognize the rule that violation of a traffic law is not negligence per se, but merely prima facie evidence of negligence and that it is the role of the jury to determine whether such prima facie negligence is overcome by other evidence of existing facts and circumstances. Thus, proof of a traffic law violation is not conclusive of the issue of negligence, but may be rebutted by evidence of surrounding circumstances tending to eliminate the character of negligence from the act. Further, even where facts are undisputed, if reasonable minds could reach different conclusions anc| inferences from such fact, the issue is for resolution by the jury.
Hazarding at mid point, it is believed that thepe is no dispute or misunderstanding anywhere as concerns the law of this case as above reflected. The misunderstanding is to be found in the application of these principles to the facts of the case and vice versa.
In the three above mentioned cases there was a violation of a traffic regulation and the action of the trial court in summarily deciding the negligence issue as a matter of law was approved. But there was no negligence on the part of the driver of plaintiff’s vehicle reflected in these cases and there was a blatant or flagrant and unexplained and unmitigated violation of the regulation by the defendant. Different from those situations, the instant case reflects grossly negligent acts on the part of the motorcycle driver. (Which acts, of course, can not be imputed to the minor plaintiff, but can be considered in assaying the defendant’s negligence and whether or not the motorcycle operator’s negligence was the sole proximate cause of the collision.) Here the collision occurred at night with the motorcycle operator acting in a most unforeseeable way in coming around two cars stopped for a red light at an excessive rate of speed and running the red light in question. The jury would have been warranted in finding that Mrs. Zimmerman acted as a reasonable person under these circumstances in failing to see the motorcycle and in clearing the intersection by completing her turn.
We believe that the events here outlined in the frame of applicable law constituted a jury question in a compelling way. We theorize that there was abundant room for the jury to find that Mrs. Zimmerman, although guilty of the violation of the regulation, was not guilty of negligence and that the sole proximate cause of the collision was the negligence of the motorcycle operator.
We would further remind that whether or not the conduct of Mrs. Zimmerman was the proximate cause of the collision is a jury question according to the principles mentioned in Booth v. Mary Carter Paint Company, Fla.App.1966, 182 So.2d 292, and Wisdom v. Nickels, Fla.App.1968, 212 So. 2d 652.
As concerns the trial court’s decision to grant plaintiffs a new trial, we are of the opinion that such constituted an abuse of discretion because it does not find a basis in the record, Dailey v. Hendricks, Fla.App.1968, 213 So.2d 600; North Dade Imported Motors, Inc. v. Brundage Motors, Inc., Fla.App.1969, 221 So.2d 170.
The appealed judgments are reversed with instructions to reinstate the jury verdict and to enter judgment accordingly in favor of the defendants Benita J. Zimmerman and Abe Zimmerman.
Reversed and remanded.
OWEN and MAGER, JJ., concur.