272 So.2d 559 (1973)
Velma CLEAVER, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 72-137.
District Court of Appeal of Florida, Third District.
February 5, 1973.
*560 Hawkesworth & Kay, Horton, Schwartz & Perse, Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant seeks review of a final judgment in favor of the defendant-appellee. The judgment was entered in an action for personal injury after a directed verdict was ordered for the defendant.
The facts shown by the record and viewed in the light most favorable to the plaintiff-appellant may be summarized as follows. Dr. Gilmore, private physician of the plaintiff, testified that he saw the patient in his office and thereafter admitted her to Jackson Memorial Hospital for rehabilitation due to weakness in her arm and leg. She had given Dr. Gilmore a history of frequent falls and he found her to be severely depressed, disoriented, and in need of psychiatric consultation. He had no knowledge of the incident or accident to the patient while hospitalized and knew only of an apparent hematoma to the arm subsequent to admission.
The plaintiff gave the only testimony relating to the alleged incident. She stated that she was being pushed to lunch in a wheelchair and as the chair was being pushed up to the table the hospital aide turned the wheelchair against the table so that her arm resting on the arm of the chair was pinched against the edge of the table. She stated that she did not blame the hospital aide for the injury.
The final witness was the Director of Patient Relations at Jackson Memorial *561 Hospital who testified to the complete absence of any record of the injury, and that there was no "incident report" concerning the injury although the hospital directs all personnel to report such incidents. The Director testified that there was a record of two "incident reports" relating to an injury to appellant's arm describing the patient having been found on the floor in a dazed condition, and the patient having suddenly moved her arm while a nurse was removing a bandage therefrom causing a slight injury.
Motions for directed verdict should not be granted unless it can be said that under no view that the jury might lawfully take of the evidence could a verdict for the party moved against be sustained. See McCabe v. Watson, Fla.App. 1969, 225 So.2d 346; Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42; Deese v. White Belt Dairy Farms, Inc., Fla.App. 1964, 160 So.2d 543. Furthermore, caution must be exercised in granting such motions in negligence cases in view of the established rule that questions relating to the existence of negligence or contributory negligence are normally questions of fact for the jury. See Zimmerman v. Langlais, Fla.App. 1971, 248 So.2d 694; Dambakly v. Mason, Fla.App. 1967, 194 So.2d 35; Le Fante v. Miami Air Conditioning Co., Fla.App. 1959, 111 So.2d 725.
Appellant's testimony was sufficient to raise a prima facie case of simple negligence committed by the hospital aide acting in the course and scope of her employment. The jury might legally have found that the hospital owed plaintiff a duty of reasonable care under the circumstances, that the hospital's employee breached this duty in the manner in which she manipulated the wheelchair, and that this breach of duty proximately caused or contributed to the extensive physical and mental injuries suffered by appellant.
Appellant's statement that she "didn't blame" the hospital employee for injuring her did not constitute a conclusive admission against appellant's interest that the hospital employee was not negligent. The issue as to the defendant's negligence remains for a jury determination giving such weight to the "admission against interest" as the jury might see fit. See Robb v. Pike, 119 Fla. 833, 161 So. 732 (1935).
Reversed and remanded.
HENDRY, J., dissents.