HORTON, Judge.
This appeal is from a final judgment, favorable to the plaintiff-appellee, rendered after a jury verdict in a personal injury action. Prior to the jury verdict and judgment, the court, upon the plaintiff’s motion, had directed a verdict in favor of the plaintiff upon the issue of liability. The cause then went to the jury on the issue of damages only. On appeal, the defendant-appellants challenge the trial court’s application of the doctrine of last clear chance in directing a verdict for the plaintiff upon the issue of liability, and the denial of the defendants’ motions for directed verdict as well as their post-trial motion.
*91 Arthur Knowlton, plaintiff below, was a tourist in the Miami area. After visiting with friends, Knowlton and his wife were attempting to return to their motel late at night when they became momentarily confused and lost their bearings. Proceeding south on Douglas Road, Knowlton spotted a street sign under a light on the east side of Douglas Road where it intersects with S.W. 17th Street. Knowlton pulled his auto off Douglas Road on the west side and walked across to the east side to determine his location. After examining the street sign, Knowlton started back across Douglas Road, whereupon he was struck by an automobile driven in a northerly direction by the defendant, Rosenfeld. The record discloses without dispute that the plaintiff was hit approximately • eight or nine feet from the east edge of Douglas Road. He testified that he never saw the automobile driven by Rosenfeld. Rosenfeld testified that he did not see the plaintiff until he was just in front of the car to the right. The police report indicates that the defendant did not apply his brakes until after the impact. By measuring the length of the skid marks, it was ascertained that the defendant had been travelling slightly in excess of 30 miles per hour in a 30 mile-per-hour zone.
The plaintiff’s case consisted of testimony by the investigating officer, an expert witness in the field of traffic analysis, the plaintiff and his wife, and the defendant. After the plaintiff rested his case, the defendant moved for a directed verdict, which was denied. Without putting on any testimony or presenting any evidence, the defendant rested and again moved for a directed verdict upon the sole ground that the only verdict consistent with the law and evidence would be one for the defendant. This motion was likewise denied. The plaintiff thereupon moved for a directed verdict on the issue of liability. The basis of plaintiff’s motion was that there was no question of the defendant’s negligence, and, assuming but not conceding the contributory negligence of the plaintiff, the defendant had the last clear chance to avoid the accident. Assuming the contributory negligence of the plaintiff, the trial judge then concluded that the evidence offered by the plaintiff, when viewed in a light most favorable to the defendant, could only support a verdict for the- plaintiff under the theory that the defendant should have perceived the perilous position of the plaintiff and avoided the accident. Accordingly, the plaintiff’s motion was granted and verdict directed upon the issue of liability.
In substance, the trial judge held upon the issue of liability that the state of the record could support only one verdict by the jury, and that would be for the plaintiff.
Admittedly, there was no conflict in the evidence. The plaintiff contends that since the defendant offered no evidence or testimony and there was no dispute or conflict in the evidence, the plaintiff was entitled as a matter of law to a directed verdict.
The defendant contends that the plaintiff was obviously negligent in proceeding across a black asphalt street, in the nighttime, wearing dark clothes, at an unmarked intersection, without seeing the defendant’s vehicle approaching, and that plaintiff was charged with the samé legal duty as defendant, that is, to see that which he should have seen.
We are unable to concur in the contention of either plaintiff or defendant. However, the fact .that the evidence was undisputed would not alone support a directed verdict for the test on directed verdict is whether or not different reasonable conclusions or inferences could be drawn from the evidence by a jury. See Gravette v. Turner, 77 Fla. 311, 81 So. 476; Bruce Construction Corp. v. State Exchange Bank, Fla.1958, 102 So.2d 288. This would also appear to answer the defendant’s contention that he was entitled to a directed verdict.
*92 The testimony of the expert witness in the field of traffic analysis would give some support to the proposition that Knowlton commenced walking across the street when the defendant was still 80-90 feet from the point of impact. Through' a complex formula, this witness determined that at this time (when the defendant was 80-90 feet away) he could have stopped in approximately 75 feet if the brakes were applied immediately. However, the fallacy to such a conclusion, if offered to show that the defendant could stop in time, is that the plaintiff apparently was not in a position of peril when the automobile was 80-90 feet away. At this time, the plaintiff was located at the edge of the road. He then proceeded into the path of tire oncoming vehicle. At some time before the impact, he had placed himself in a position from which he could no longer extricate himself. At this point, the defendant was obligated to make an effort to avoid the accident if, under the circumstances, it is found he was able to do so. The factual question thus presented was whether or not the defendant was able to avoid the accident at the very moment the plaintiff placed himself in the position of peril.
The doctrine of last clear chance, which sometimes has been treated as the doctrine of last possible chance, still requires that the defendant have a reasonable opportunity to avoid injury to a plaintiff who has placed himself in a perilous position from which he is unable to extricate himself. See Merchant’s Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; Springer v. Morris, Fla.1954, 74 So.2d 781.
A consideration of all the facts involved here compels our conclusion that reasonable minds could differ on the question of whether or not the defendant had the last clear chance to avoid the accident. As was pointed out by this court in Radtke v. Loud, Fla.App.1957, 98 So.2d 891, 894:
“Where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence, the court’s charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.”
Therefore, the issues involved here should be submitted to a jury upon appropriate instructions by the court, including an instruction upon the application of the doctrine of last clear chance.
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial.
CARROLL, CHAS., C. J., and PEARSON, J., concur.