CARROLL, CHAS., Judge.
This is an appeal by the plaintiff below, from a judgment for defendants based on a jury verdict. Appellant sued for damages for injuries he received as a pedestrian when struck by an automobile. The determinative question is whether, on the facts presented, a requested charge on the doctrine of last clear chance should have been given.
The evidence disclosed that plaintiff was crossing Biscayne Boulevard in Miami, from west to east, at 1:00 o’clock A.M., at a designated pedestrian crossing,[1] with benefit of a pedestrian controlled traffic light which he had manually operated, and which on conflicting evidence could be found to have shown green for him and red for traffic, when he was struck by an automobile, whose driver, the defendant Snyder, allegedly employed by the corporate defendants, proceeding north at 25 to 30 miles per hour, saw plaintiff in his path when some 60 to 70 feet away, and took no action to avoid the collision with the pedestrian.
Appellant’s counsel submitted an appropriate charge on the doctrine of last clear chance which the trial judge refused. To charge the jury on negligence and contributory negligence, and to refuse to charge on the doctrine of last clear chance under the circumstances presented, was error for which a new trial should be granted. See Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; Williams v. Sauls, 151 Fla. 270, 9 So.2d 369; Wawner v. Sellic Stone Studio, Fla.1954, 74 So.2d 574; Springer v. Morris, Fla.1954, 74 So.2d 781; Nelson v. Ziegler, Fla.1956, 89 So.2d 780; Rosenfeld v. Knowlton, Fla.App.1959, 110 So.2d 90. See, also, King v. Griner, Fla. 1952, 60 So.2d 177.
The judgment appealed from is reversed and the cause is remanded for a new trial.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.

. There was a conflict in the evidence from which the jury could have found that the plaintiff was in the crosswalk, or was outside the crosswalk and angling to the northeast. .