133 So.2d 297 (1961)
Marion A. JAMES and Donald V. James, her husband, Petitioners,
v.
Eunia D. KEENE and John R. Keene, her husband, Respondents.
No. 31017.
Supreme Court of Florida.
September 20, 1961.
Rehearing Denied October 17, 1961.
Fuller & Brumer and Neal P. Rutledge, Miami, for petitioners.
*298 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and M.R. Adkins, Miami, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, which has been certified to us by that court as one which passes upon a question of great public interest. Section 4, Article V, Florida Constitution, F.S.A.; James v. Keene, Fla.App., 121 So.2d 186.
The problem presented for consideration involves the applicability of the doctrine of the last clear chance to a situation involving an injury to a pedestrian who was struck by an automobile.
Because of the certification we are authorized to examine the record of the trial court and measure the correctness of the decision of the District Court by our own conclusion based upon such examination. Carraway v. Revell Motor Co., Fla. 1959, 116 So.2d 16. Furthermore, we are not restricted to the factual summary presented by the opinion of the District Court in the instant situation. However, because of its accuracy, we quote from it verbatim, as follows:
"The facts reveal that the plaintiff, Marion James, was attempting to cross Biscayne Boulevard, a four-lane thoroughfare, near the intersection of N.E. 109th Street in Dade County. It was 8:00 in the evening, the weather was clear and visibility was good. The plaintiff had left a restaurant on the east side of Biscayne Boulevard and was walking to the west side. There are four traffic lanes on Biscayne Boulevard. She had crossed the two northbound lanes and one of the southbound when she was hit in the farthest southbound lane just a few feet short of the western edge of the Boulevard. It was ascertained from the evidence that the plaintiff was hit by the right front of the automobile driven by the defendant, Eunia Keene, and owned by her husband, John Keene.
"The plaintiff testified that she could recall nothing from the time she left the restaurant until some time after the accident, thus shedding no light on any events just prior to the impact. The defendant, Eunia Keene, testified that she was going thirty miles per hour (in a 45-mile-per-hour zone) and she never saw the plaintiff until she was six feet away and slightly to the left. She did not have time to blow her horn but jammed on her brakes without swerving to either side. The Keene vehicle laid down approximately 38 feet of skid marks."
In addition to the foregoing, the District Court observed that the testimony was "conclusive" as to the fact that Mrs. James, the pedestrian, was visible for a distance of several hundred feet immediately prior to the impact. A witness named Parker was proceeding in the inside southbound lane, approximately 15 feet to the rear and left of the Keene vehicle, and at substantially its same speed. Parker testified that he saw the plaintiff several hundred feet away, he watched her cross the inside lane and continue into the path of the Keene vehicle. He had sufficient time to comment to his wife "there is a lady who is going to get hit", but he later concluded that Mrs. James had made it across safely. We should mention that the Parker testimony was admitted without objection and some of his statements were revealed on cross-examination by the defendants' counsel. It is not contended here that the District Court was unjustified in its finding that the plaintiff was visible for "several hundred feet." However, the majority of the District Court took the view that the plaintiff Mrs. Keene was inattentive to the impending danger from the defendant's automobile and because of such inattentiveness she failed to avoid her own injury, although she could have done so. By the same token it was concluded that the defendant, Eunia Keene, was equally *299 inattentive to the perilous position of the plaintiff. This mutuality of inattentiveness, in the view of the majority of the District Court, produced an impasse that resulted in concurrent negligence and thereby precluded the application of the doctrine of the last clear chance. There is no contention here that the requested instruction failed to state the law accurately. The sole point before us is whether under all of the circumstances the jury should have been instructed on the doctrine and thereby permitted to include this rule in its deliberations on the issue of proximate cause.
It has been suggested that much confusion exists among the cases involving a consideration of this rule of law. We think, however, that the rule itself is not so complicated as is the variety of factual situations which have produced the necessity for considering the applicability of the rule to particular cases. In Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, we pointed out that in its origin the doctrine of the last clear chance was very simple. It was injected into the law as an aspect of proximate cause in order to prevent the injustices which often had resulted from a strict application of the doctrine of contributory negligence. As we stated in Falnes, last clear chance has been so elaborately discussed and has been applied in such a varied number of situations that it would serve no profitable purpose for us to undertake here any definitive summarization of our own precedents. We again remind, as we did in Falnes, that a charge on the doctrine of the last clear chance is not to be regarded as pro forma or merely a conventional instruction to be given in all automobile negligence cases. On the other hand, as we pointed out in Yousko v. Vogt, Fla., 63 So.2d 193, the charge should not be given unless the evidence clearly demonstrates its applicability. This standard should be observed for the simple reason that in giving this charge to the jury the trial judge is, in effect isolating and pointing out in detail a peculiar aspect of the proximate cause in the case under consideration. In so doing he invites the jury's consideration of this one particular phase of the proximate cause of the injury. For this reason we have held that the charge should be given only when clearly justified by the evidence.
Initially the trial judge must decide whether the evidence supports the charge. There is nothing strange or unusual about this responsibility. It is exactly the same kind of authority which the judge exercises in deciding, for example, whether the evidence is sufficient to take the case to the jury on a plaintiff's claim of negligence or upon a defendant's claim of contributory negligence. Although, as we have said, the judge should proceed cautiously in instructing on the rule of last clear chance, the judicial responsibility is actually the same as is exercised when deciding whether the evidence is sufficient to go to the jury on any other aspect of the case. Falnes v. Kaplan, supra; Rosenfeld v. Knowlton, Fla.App., 110 So.2d 90; Radtke v. Loud, Fla.App., 98 So.2d 891; Lee County Oil Company v. Marshall, Fla.App., 98 So.2d 510; Gordon v. Cozart, Fla.App., 110 So.2d 75; Yousko v. Vogt, supra.
Proceeding to the instant situation we must decide whether the record before the trial judge supported the plaintiffs' requested charge on the doctrine of last clear chance. The elements which must be present in order to justify an instruction on the subject have been very well epitomized by the District Court of Appeal, Second District, in Parker v. Perfection Cooperative Dairies, 102 So.2d 645, 647, wherein it was held that the doctrine is applicable when the evidence shows:
"(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either *300 reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care."
These are substantially the same requirements summarized in Restatement of the Law, Torts, Section 479. Whether an instruction on the doctrine should be given in any particular case has been conditioned upon the presence of all of these elements since the initial Florida decision on the subject in Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401. See also, Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; Brandt v. Dodd, 150 Fla. 635, 8 So.2d 471; Springer v. Morris, Fla., 74 So.2d 781; Hodell v. Snyder, Fla.App., 122 So.2d 36.
We now measure the factual situation in the instant case against the specific requirements which we have recited above. It can be said from the evidence that the plaintiff Mrs. James had placed herself in a position of peril. From the evidence also we think a jury would have been justified in concluding that the defendant driver, in the exercise of ordinary care, ought to have become aware of the plaintiff's predicament. Also, from the evidence a jury could have properly concluded that Mrs. Keene should have appreciated the fact that the plaintiff, Mrs. James, either could not or for some reason was failing to escape the peril. Furthermore, on the basis of testimony which the District Court describes as "conclusive" as to the fact that plaintiff was visible for several hundred feet prior to the impact, it would appear that a jury could properly conclude that Mrs. Keene, by the exercise of reasonable care, had an opportunity to avoid injuring the plaintiff and thereafter she failed to exercise such a standard of care. Rosenfeld v. Knowlton, supra; Hodell v. Snyder, supra; Lindsay v. Thomas, supra, and Springer v. Morris, supra; Williams v. Sauls, 151 Fla. 270, 9 So.2d 369.
It should be recalled that there was no dispute as to the visibility of the pedestrian for a distance of several hundred feet prior to the impact. Nelson v. Ziegler, Fla., 89 So.2d 780; Hodell v. Snyder, supra; Wawner v. Sellic Stone Studio, Fla., 74 So.2d 574; Williams v. Sauls, supra. The defendant testified that she did not see the pedestrian until the latter was approximately six feet from the front of and slightly to the left of her automobile. This was obviously an erroneous conclusion for the reason that Mrs. James was struck by the right fender of the Keene automobile. It would have been a physical impossibility for the pedestrian to have traveled across the full width of the automobile and then to have been struck by the right fender within the brief interval of time during which the machine traveled six feet.
It was testified that the Keene automobile was traveling at approximately thirty miles per hour. At this rate it would cover 44 feet per second. Assuming that the pedestrian was visible for a distance of at least two hundred feet, (the witness Parker testified that he saw her from a distance of several hundred feet) the driver of the automobile would have had approximately five seconds within which to apply her brakes and at least reduce the speed. In view of the point of impact between the pedestrian and the right fender of the automobile even this action by the driver would have avoided the injury. Rosenfeld v. Knowlton, supra; Hodell v. Snyder, supra.
The conclusion which we here reach is not to be construed as any endorsement of the reckless type of conduct evidenced by the pedestrian in this case. The books are crowded with accounts of suits brought by the personal representatives of people who conduct themselves as she did. We are here merely holding that there was a factual basis in the record from which a jury could have concluded, under appropriate instruction, that the proximate cause was *301 the failure of the driver of the automobile to exercise the care commensurate with the situation.
We have no intention of detracting from the influence or importance of our decision in Falnes v. Kaplan, or a similar decision of the District Court of Appeal in Edwards v. Donaldson, Fla.App., 103 So.2d 256. Those cases merely presented factual situations which we consider distinguishable from those presented in the case at bar and, therefore, do not control the instant situation. As we said in Falnes, [101 So.2d 379] "each case must be its own criterion."
Both Falnes and Edwards involved conditions were a pedestrian was walking along the side of the paved roadway. In both instances it was clear that by merely stepping aside he could have escaped injury. In terms of the last clear chance rule, in each of the last two cited cases the pedestrian had not reached a point of danger from which he could not extricate himself. In the "crossing-pedestrian" cases, such as the one now under consideration, it is much more difficult to determine as a matter of law that the pedestrian has failed to exhaust all reasonable possibilities of escape. As a matter of fact, the jury might well conclude that when she continued on her course in the face of approaching danger, she did so in an effort to reach the other side of the road before the vehicle reached her. There can be no doubt that Mrs. James was guilty of negligence in proceeding across the thoroughfare. Contributory negligence is always an essential precedent to the application of the last clear chance rule. We here simply hold that the factual situation presented a question for the jury pursuant to an appropriate instruction by the trial judge.
We are compelled to disagree with the District Court of Appeal. It is our conclusion that, on the basis of the record presented, the trial judge should have followed his initial inclination and instructed the jury on the doctrine of the last clear chance. Therefore, the judgment of the Court of Appeal is quashed and the cause is remanded for the entry of a judgment consistent herewith.
It is so ordered.
TERRELL, Acting C.J., and HOBSON, DREW and O'CONNELL, JJ., concur.