HENDRY, Judge.
This is an appeal by the defendant and counter-plaintiff below from an order of the circuit court of Monroe County granting plaintiff’s motion for a new trial.
Plaintiffs sued for damages as a result of a collision between the automobile being driven by the plaintiff, Mary Browning Metzger and that of the defendant. Defendant denied the allegations of negligence in plaintiff’s complaint and alleged that plaintiff driver was guilty of contributory negligence in that she negligently and carelessly operated the vehicle she was driving so that she caused the same to collide with the defendant’s vehicle. Defendant also filed a counter-claim against the plaintiffs for his damages.
The case was tried before a jury and a verdict was found in favor of the defendant and counter-plaintiff. Separate final judgments were entered for the defendant; one for his costs against the plaintiffs and the other for damages on his counter-claim.
Plaintiffs moved for a new trial on numerous grounds, among them being that the court erred in not giving plaintiffs’ requested instruction on the doctrine of last clear chance. The court granted the plaintiffs’ motion for new trial on the sole ground that it erred in not giving the plaintiffs’ requested charge on the doctrine of last clear chance. This order granting a new trial on the' specific ground stated, is the subject of defendant’s appeal.
The evidence shows that the accident occurred at about 3:00 o’clock in the afternoon on a bright, clear day at the intersection of U. S. Highway No. 1 and Islander Road in Islamorado, Florida, while Mrs. Metzger was driving her husband’s car east on Islander Road and the defendant was driving his car north on U. S. Highway No. 1, which is a primary highway at this point, with stop signs located on Islander Road requiring east and west bound traffic to stop before entering the highway.
Plaintiff testified that she stopped at the stop sign on the west side of the highway .and looked to her right, then to her left and then back to her right. She noticed vehicles approaching on the highway from both the south and the north. She felt that the vehicle approaching from the south “presented no problem” and the one from the north “didn’t worry me”; plaintiff then approached the paved surface of the highway, then crossed the south bound land on the highway, then proceeded into the north bound lane where the impact suddenly occurred between plaintiffs’ and defendant’s vehicles. She did not specifically see defendant’s vehicle before the impact. She *256 had not looked back to her right after starting out from the stop sign. She stated she could have stopped her car “on a dime”.
Defendant testified that he was driving north on the highway at a, speed of about thirty-five miles per hour. He first saw plaintiffs’ vehicle when he was three hundred feet south of Islander Road and at that point plaintiffs’ vehicle was approaching the highway from the west and she was three or four car lengths from the stop sign. As plaintiff approached the stop sign, defendant took his foot off of his accelerator but did not apply his brakes immediately because plaintiff was slowing down and defendant thought plaintiff was going to stop. When plaintiff failed to stop and proceeded directly into the intersection, defendant applied his brakes immediately and the impact occurred shortly thereafter. Defendant stated that he had no opportunity to do anything else, however, he did swerve partially to the right just before the impact. The right front of plaintiffs’ vehicle came in contact with the left front of defendant’s vehicle, in the southeast quadrant of the intersection. Defendant’s vehicle laid down thirty-eight feet of skid marks. The investigating officer testified that he estimated the speed of the defendant’s vehicle to have been between thirty-five and forty miles per hour.
A witness for the plaintiff testified that he was driving his automobile toward the intersection where the accident occurred and saw the plaintiff driver approach the intersection and stop before proceeding into the intersection. He estimated that the defendant was approximately three or four hundred feet from the intersection when Mrs. Metzger pulled into it. Another witness for the plaintiffs testified that he saw the defendant shortly before the accident and that he estimated defendant’s speed to be about sixty-five miles per hour. These and other conflicts of testimony are to be found in the record.
The question we are called upon to decide is whether the trial court erred in granting a new trial based on its refusal to give the jury instruction on the doctrine of last clear chance. It readily appears that the decision on the question requires consideration of all the evidence relating to the collision which was before the trial judge. The elements which must be present to support an instruction on the doctrine are as set forth in James v. Keene, Fla.1961, 133 So.2d 297, 299.
“‘(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably can not escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.’ ”
Applying the foregoing requirements to the factual situation as shown by the record in the instant case we find that the evidence was sufficient to support the requested instruction on the doctrine of last clear chance. We feel the jury should have been instructed on the doctrine and allowed to apply it or reject it in accordance with the facts as they found them to be. James v. Keene, Fla.1961, 133 So.2d 297; Douglas v. Hackney, Fla.1961, 133 So.2d 301; Merchant’s Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401.
We agree with the trial judge that it was harmful error to refuse to instruct on the doctrine of last clear chance and that he properly exercised his discretion in granting a new trial.
The other assignments of error have been carefully considered and found to be without merit.
Affirmed.