**Joseph DORES, Individually and as Administrator of the Estate of Victoria Dores, Deceased, Appellant,**

v.

**T. V. ANDERSON and Jesse L. Neal, etc., et al., Appellees.**

**No. 18443.**

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1961.

Rehearing Denied Nov. 17, 1961.

Motion for Leave to File Extraordinary Petition for Rehearing Denied
Dec. 13, 1961.

nity *by the exercise of reasonable care* to save the other from harm; and (4) that he fails to exercise such care.'" (Emphasis added.)

Such negligence as the jury may have inferred from the fact that the defendant driver was negligent in driving too fast *before* the plaintiff negligently drove in front of him or from the defective condition of the brakes of the defendants' vehicle was not such as could be cured by any conduct that could be taken by the defendants after they became charged with knowledge of plaintiff's peril.

Other objections to the charge of the court are equally without merit.

The judgment is

Affirmed.

---

J. B. Hodges, Lake City, Fla., for appellant.

John E. Mathews, Jr., Jacksonville, Fla., Mathews, Osborne & Ehrlich, Jacksonville, Fla., for appellees.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

PER CURIAM.

We have carefully considered the principal contention of the appellant, i. e., that the trial court erred in not giving a charge to the jury on the doctrine of last clear chance. We conclude that there was no evidence from which the jury could infer that the defendant driver had failed to do all that was reasonably required of him *after he had discovered the plaintiff's peril.* See Cavitt v. Ferris, 5 Cir., 269 F.2d 440. Appellant here called to our attention the recently decided but still unreported Florida Supreme Court. opinion in James v. Keene, Fla., 133 So. 2d 297. The Court there says:

"* * * the doctrine [of last clear chance] is applicable when the evidence shows: [citing from Parker v. Perfection Cooperative Dairies, 102 So.2d 645]:

"'(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party *subsequently* has the opportu-