PEARSON, TILLMAN, Chief Judge.
The plaintiff in a wrongful death action appeals a final judgment based upon a jury verdict for the defendant. The sole point presented claims error because of the trial judge’s refusal of plaintiff’s requested instruction upon the doctrine of last clear chance. We reverse for a new trial.
The law has been settled in this jurisdiction as to the factual elements which, if they appear in the record, require an instruction on last clear chance if requested. James v. Keene, Fla.1961, 133 So.2d 297; Douglas v. Hackney, Fla.1961, 133 So.2d 301. Frohm v. Metzger, Fla.App.1961, 134 So.2d 254. We hasten to add that these opinions were all rendered subsequent to the trial judge’s ruling in this case. The opinion of this court in James v. Keene, which was quashed by the Supreme Court, may have misled the trial judge. Nevertheless we are required to reverse upon authority of the cases cited. It is only necessary to set down those facts which we think bring this case within the purview of the rule announced by these decisions.
Herman Wasserman, plaintiff’s deceased husband, was fishing from the east drawbridge of the 79th Street Causeway in Dade County, Florida. He was about 30 feet east of the easternmost edge of the metal draw. At that point the bridge is bounded by a concrete railing. Mr. Wasserman was standing upon a concrete ledge which runs along the foot of the railing. This ledge is about 10 inches wide and inches above the floor of the bridge. A second fisherman, whose name is Miller, was similarly located but on the west side of the draw.
The defendant’s truck was being driven easterly in the lane next to the rail and did not alter speed or direction at any time. The truck was a stake body type with cab; a tarpaulin covered the stake body. The body was wider than the cab and extended beyond the wheels.
The defendant’s driver testified that he must have seen the fishermen, but he wasn’t paying any attention to them because he was watching traffic. As the truck proceeded toward the draw span, Miller saw it coming and edged closer to the rail. He testified that he felt there was a chance that the flapping tarpaulin on the truck might scrape him. As the truck passed him, the tarpaulin billowed out and brushed him below the waistline. As the truck proceeded on eastward across the draw, Miller turned and saw Wasserman bounce off the railing of the bridge and onto the street. Another witness testified that Wasserman shot across the roadway as though he were jet-propelled.
Upon examination, the tarpaulin and the rope securing it showed white paint and white concrete (or a similar substance) which might have come from the bridge railing. There was medical testimony that the injuries received by plaintiff’s deceased husband were consistent with the theory that the deceased had been struck by some part of the truck.
These are by no means all of the relevant facts in the record. Some would indicate that Wasserman was not struck by the truck body or that he may have moved back into the path of the truck. But the facts first recited contain the elements which must be present to justify an instruction to the jury on the doctrine of last clear chance.
We hold, therefore, that there wap a factual basis in the record from which *212 a jury could have concluded, under appropriate instruction, that the proximate cause of the death of the decedent was the failure of the driver to exercise the care commensurate with the situation to save decedent from harm, when he had a reasonable chance to do so. Thus, it was error for the trial judge to refuse plaintiff’s requested instruction on last clear chance.
Reversed and remanded.