165 So.2d 784 (1964)
Catherine E. CONNOLLY and Martin J. Connolly, husband and wife, Appellants,
v.
Wiley C. STEAKLEY, Appellee.
No. 4143.
District Court of Appeal of Florida. Second District.
June 10, 1964.
Rehearing Denied July 17, 1964.
*785 Charles E. Early of Early & Early, Sarasota, for appellants.
Clyde C. Goebel of Grimes, Grimes, Goebel & Parry, Bradenton, for appellee.
ELMORE, FRANK H., Associate Judge.
Plaintiffs appeal from a judgment entered on a jury verdict for the defendant-appellee in the Circuit Court for Sarasota County, Florida.
The principal question for our determination is whether or not the trial court was correct in rejecting the plaintiffs' contention that the case should have been submitted to the jury with an appropriate charge on the doctrine of last clear chance.
These are the essential facts:
The accident occurred between 6:30 and 7:00 o'clock A.M. on the morning of December 12, 1961. The plaintiff was struck by the defendant's west-bound automobile as she was crossing from the north to the south side of Third Street, a two-way street, at a point located between its intersections with Orange Avenue and Adelia Street.
The plaintiff was seventy-eight years old. She had undergone an apparently successful operation for the removal of a cataract from her right eye. She could not see as well from her left eye but could distinguish light and dark and see a shining light. Plaintiff was hard of hearing and had a hearing aid but was not wearing it. At the time of the accident it was more dark than light.
As had been her custom for many years, the plaintiff was walking from her home to St. Martha's Church on the morning in question. She walked south along Adelia to Third Street, turned right, and walked west on a sidewalk separated from the edge of Third Street by a grass plot which appears to be five to ten feet wide. Plaintiff turned left at the center of a driveway located approximately 85 feet west of the west side of Adelia Street and walked along the driveway entrance five or ten feet to the edge of Third Street. She looked both ways along Third Street and saw only blinking traffic lights at the intersection of Orange Avenue to the west and Osprey Avenue to the east. Seeing no cars or approaching headlights, she started across Third Street in the direction of the driveway leading into the church parking lot. Plaintiff looked only ahead and neither saw nor heard the defendant's automobile until she was struck. The record is silent as to the color of the plaintiff's clothing although the jury were apprised of this fact demonstratively.[1] The collision occurred at or near the center of Third Street which is approximately thirty feet wide.
The defendant, eighty-one years old, was traveling west on Third Street with his driving lights on. He is "pretty sure" he was not exceeding the speed limit of twenty-five miles per hour. There were no parked cars or other objects obstructing his view of Third Street or the pavement located on the north side. Defendant was watching two cars approaching, one of which turned south on Orange Street. The other "pulled up" and parked along the south edge of Third Street near its intersection with Orange Street. When the driver of that vehicle turned off his lights, defendant glanced to *786 the right in front of his car and saw the plaintiff in the street five or seven feet from the edge. When the defendant first noticed the plaintiff he could see her without difficulty. She was walking "at an angle" towards the church. He put on his brakes and turned to the left in an unsuccessful attempt to avoid hitting her. When his vehicle came to a stop, it was facing west, pointing partly south. The front of the vehicle was approximately three feet over an imaginary center line in the street. The left skid marks were 35 feet long and the right skid marks 24 feet long. They began on the right side of the street. The left skid marks ended on the left side of an imaginary center line.
The required elements for applicability of the doctrine of last clear chance are so well established that it is unnecessary to repeat them here. A useful summary may be found in the opinion in the case of James v. Keene, Fla. 1961, 133 So.2d 297.
Since the creation of the District Courts of Appeal they have interpreted the application vel non of the last clear chance doctrine in a wide variety of factual situations. From these decisions some conclusions may be drawn. A plaintiff may not invoke the doctrine unless his own negligence has placed him in a dangerous situation. If, then, the defendant actually sees the plaintiff's dangerous situation and should appreciate the plaintiff's danger, the plaintiff may invoke the doctrine even if the plaintiff's negligence continues, and concurs with the negligence of the defendant up to the very instant of the injury. But if, instead of actually seeing the plaintiff's dangerous situation, the defendant merely could have seen it and appreciated it, had the defendant used due care, the plaintiff can invoke the doctrine only if the plaintiff's negligence terminated, or culminated in a situation of peril from which the exercise of due care on the plaintiff's part would not thereafter extricate him, and the defendant thereafter could have avoided injuring the plaintiff by exercising reasonable care, but failed to do so. The prime factor, in the "could have seen" as distinguished from the "actually saw" situations, with respect to the plaintiff's negligence, seems to be whether the plaintiff could have gotten himself out of the dangerous situation if he had used due care (in which event the plaintiff himself had the last clear chance to avoid his injury), or whether the plaintiff could not do so, but the defendant could have avoided injuring him (in which event the defendant had the last clear chance to avoid injuring the plaintiff).
In the case sub judice the collision occurred on the morning of December 12, 1961 before 7:00 o'clock in what seems to have been twilight. The plaintiff stood and waited before starting to cross the street. Then she started walking and looked neither to the right nor the left but straight ahead. About halfway across the street she was struck by the defendant's automobile. The defendant had his driving lights on. At the time that the defendant first saw the plaintiff she was in the street which was 30 feet wide about five or seven feet from its curb. Thus it does not appear that the plaintiff was in a position of peril when the defendant saw her. She came into a position of peril thereafter by continuing to walk with inattention, thus her negligence continued up to the time of the collision. The plaintiff never saw the car until she was struck. She could have gotten herself out of the dangerous situation if she had been careful.
The trial court was entirely correct in refusing to give an instruction on the doctrine of last clear chance in this case. Yousko v. Vogt, Fla. 1953, 63 So.2d 193.
We have examined the other points raised by the appellant but find no error.
Affirmed.
SMITH, C.J., and ANDREWS, J., concur.
NOTES
[1] "Q. What kind of clothes were you wearing at that time?

"A. Just what I have on now."
This is an example of improvidence in making a record. It becomes entirely meaningless when read in the typed record.