HORTON, Judge.
The appellant Sally Kravitz sustained personal injuries when she was struck by the right turn signal attached to the front of a truck owned by appellee Morse Auto Rentals, Inc., then under lease to appellee Cort Packing Corp., and operated by its employee, appellee Heath.
During the trial, appellants requested the court to charge the jury on the doctrine of last clear chance. This request was refused. The cause was submitted to the jury upon the issue of appellees’ neg *620 ligence and the appellant’s contributory negligence. The jury returned a verdict for appellees and upon this verdict a judgment was entered for appellees. The appellants have appealed this judgment.
The appellants seek reversal of the adverse judgment upon the sole ground that the court erred when it refused to charge the jury on the doctrine of last clear chance. We think the appellants’ position is correct and conclude that it was reversible error to refuse to give the charge.
The appellees argue that the evidence discloses that appellant Sally Kravitz was “indifferent” to the approaching traffic and walked in front of the appellees’ truck rendering it impossible for the driver to avoid the accident although he was exercising reasonable care.
 Certainly the jury from the evidence, coupled with a charge on contributory negligence, could not be faulted for finding against the appellants, especially in the absence of a charge on last clear chance. We have reviewed the testimony with a view toward a determination as to whether or not “findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence * * *[1].” It is not for us to say that the jury should apply the doctrine of last clear chance, but only to determine if sufficient evidence is available to the jury upon which a determination can be made as to whether it should apply or refuse to apply the doctrine. The evidence as we read it is not so clear, concise and unrefut-ed that it establishes as a matter of law that the appellant Sally Kravitz was guilty of contributory negligence and that such negligence was the sole proximate cause of her injuries. There is evidence from which the jury could have found that the appel-lee driver saw or should have seen and appreciated in time the perilous position which the appellánt Sally Kravitz occupied and have acted in time to avoid injuring her. The driver admits that he was looking straight ahead from his vehicle without any apparent obstructions to his view and that he did not become aware that the appellant Sally Kravitz was in a perilous position until he was 30-35 feet away from her. From this and other evidence, the jury could have concluded that the driver should have seen Sally Kravitz before he was within 30-35 feet of her in time to avoid the accident. We do not say that the jury should or would find these facts, but only that they are within the range of those permissible to be made by the jury from the evidence. Therefore, it was error for the court to refuse the requested charge on last clear chance.
Upon the authority of Radtke v. Loud, supra, and James v. Keene, Fla.1961, 133 So.2d 297, the judgment appealed should be and is hereby reversed.
Reversed.

. Radtke v. Loud, Fla.App.1957, 98 So.2d 891.