DOWNEY, James C., Associate Judge.
This is an appeal from a Final Judgment based upon a directed verdict for the Defendant at the close of Plaintiff’s case. The factual situation presents a classical pedestrian-auto collision involving the application of the Last Clear Chance Doctrine.
At approximately 7:30 P.M., the Plaintiff, Ruby Purdue, together with another woman, had been walking east on the sidewalk on the north side of Oneco Road for some distance. When 'they arrived at the northeast corner of Oneco Road and Collins Drive they turned southeasterly and began crossing Oneco Road from north to south. Oneco Road is 40 feet wide, with one lane for westbound and one for eastbound traffic. They crossed the westbound lane of traffic and entered the eastbound lane “a step or two” when they were struck by Defendant’s car. Apparently Plaintiff did not see Defendant’s car until it struck her.
Defendant testified he was proceeding 30-35 miles per hour in the eastbound lane; that his lights were on but he never saw Plaintiff or her companion until they were a “step or two” into his lane of traffic, at which time he was approximately 60 to 70 feet from them; then he slammed on his brakes, skidded 53 feet straight forward and hit the women. Defendant does not fully account for the fact that he did not see the women earlier. There was a car travelling west but it was “a good distance up the road” and the “westbound lane was clear at that time.”
An eye-witness, Albert Leslie Wright, travelling in the same direction behind Defendant, saw the Plaintiff and her companion at the northeast corner of Oneco Road and Collins Drive when he was approximately 330 feet west of them. At that time Defendant was 200 to 250 feet east of witness Wright, or about 80 to 130 feet west of Plaintiff. When Wright first saw the women they were at the north edge of Oneco Road walking south across the road. He got an “instinct” that “they are going to get hit.” He stated Defendant’s lights were on and estimated Defendant’s speed at about 25 miles per hour.
This being an appeal from a judgment entered on a directed verdict, the evidence must be viewed in the light most favorable to the Appellant. Singleton v. City of Jacksonville, Fla.App.1958, 107 So.2d 47. It appears that all the essential conditions laid down in James v. Keene, Fla.1961, 133 So.2d 297, for application of the Last Clear Chance doctrine exist here. When Defendant first saw Plaintiff and her companion a step or two across the center line in his lane of traffic Plaintiff was in a position of peril, and the Defendant was, or should have been, aware that Plaintiff could not or would not escape from it. A jury might well conclude from the evidence adduced that Defendant, in the exercise of reasonable care, could have avoided the accident after becoming aware of Plaintiff’s peril by turning to the left *904 or to the right, and that he failed to do so. Wawner v. Sellie Stone Studio, Fla.1954, 74 So.2d 574; Hodell v. Snyder, Fla.App.1960, 122 So.2d 36; Whitten v. Erny, Fla.App.1963, 152 So.2d 510. Thus it would appear that the direction of a verdict was error and that Plaintiff was entitled to have her case submitted to a jury with an appropriate instruction on Last Clear Chance.
Other points raised by Appellant involve matters which need not be decided in view of the decision on the main question.
Reversed.
ALLEN, Acting C. J., and KANNER (Ret.), J., concur.