197 So.2d 817 (1967)
MORSE AUTO RENTALS, INC., a Corporation, Cort Packing Corp. of Florida, Inc., a Corporation, and William Heath, Petitioners,
v.
Sally KRAVITZ and Aaron Kravitz, Respondents.
No. 33787.
Supreme Court of Florida.
January 25, 1967.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, A. Lee Bradford and James A. Dixon, Jr., Miami, for petitioners.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for respondents.
PER CURIAM.
Petitioners contend that the decision of the District Court of Appeal, Third District, reported at 166 So.2d 619 is in conflict with the decision in Connolly v. Steakley, Fla.App. 1964, 165 So.2d 784. Both decisions deal with the doctrine of last clear chance.
In the Connolly decision the District Court of Appeal, Second District, correctly held that if
"* * * instead of actually seeing the plaintiff's dangerous situation, the defendant merely could have seen it and appreciated it, had the defendant used due care, the plaintiff can invoke the doctrine only if the plaintiff's negligence terminated, or culminated in a situation of peril from which the exercise of due care on the plaintiff's part would not thereafter extricate him, and the defendant thereafter could have avoided injuring the plaintiff by exercising reasonable care, but failed to do so."
In the subject decision, the District Court of Appeal, Third District, held that the trial court erred in refusing to give a charge on last clear chance, saying that from the evidence the "* * * jury could have concluded that the driver should have seen Sally Kravitz before he was within 30-35 feet of her in time to avoid the accident." Earlier in its opinion that court stated that the appellees, petitioners here, contended that Mrs. Kravitz was indifferent to approaching traffic and walked in front of the appellee-petitioner's vehicle, making it impossible for the driver to avoid the accident. In its opinion the court neither rejects the appellee-petitioner's contention that Mrs. Kravitz was negligently inattentive nor otherwise indicates that her negligence had terminated in a position of peril from which she could not extricate herself.
*818 It appears, therefore, that the opinion of the district court in this case authorizes the application of last clear chance in a situation in which both parties are guilty of concurrent negligence, whereas the decision in Connolly, supra, holds to the contrary. This satisfies the question of jurisdictional conflict.
We have carefully reviewed the evidence in the record. It shows that Mrs. Kravitz was guilty of negligent inattention which continued to the moment she was struck. It does not show that her negligence terminated leaving her in a position of peril from which she could not extricate herself. The evidence might permit a finding by a jury that the defendant driver was negligent in not having discovered Mrs. Kravitz in a perilous position in time to avoid the accident, but it shows no other negligence on his part.
At best, then, the evidence shows that both plaintiff and defendant were guilty of concurrent negligence. In such a case there is no reason to prefer the negligence of one party over the other. The doctrine of last clear chance is not applicable in such a case and the trial judge correctly refused to give the requested charge in this one, and the District Court of Appeal committed error in reversing him.
For the reasons above expressed the decision of the district court is quashed with directions to remand the cause to the trial court for entry of a judgment in accordance with the verdict of the jury.
THORNAL, C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.
DREW, J., dissents with Opinion.
ERVIN, J., dissents and agrees with DREW, J.
DREW, Justice (dissenting):
See my dissent in Connolly v. Steakley, Fla., 197 So.2d 524, this day filed.
ERVIN, J., concurs.