SHANNON, Acting Chief Judge.
On May 29, 1964, the appellant (plaintiff in the lower court) was operating a motorcycle in a southwesterly direction on 79th Street South in St. Petersburg, Florida. At this time the appellee (defendant in the lower court) was proceeding in the opposite direction on the same street. The plaintiff was traveling at approximately 35 miles per hour and the defendant was proceeding at approximately 20 miles per hour. As the defendant came across a small bridge on 79th Street he saw the plaintiff coming around the bend on 79th Street on a motorcycle. About the same time the defendant first saw the plaintiff, the plaintiff started to skid or slide on his side toward the defendant. The plaintiff went into a skid, righted himself at one point, and then returned into a slide. The defendant watched as this occurred. Plaintiff’s motorcycle left 98 feet of gouge marks starting on the plaintiff’s side of the road leading up to the point of impact, at which point the gouge marks veered off in another direction for a distance of eight feet. When the defendant stopped, the plaintiff was underneath the right side of defendant’s car. The plaintiff was removed from underneath the car and taken to the hospital by ambulance.
*284 The plaintiff remembers nothing about the accident and the only eye witness was the defendant. At the trial the jury returned a verdict in favor of the defendant and the plaintiff has filed this appeal.
 The first issue raised by the appellant is whether the trial court erred in ruling that the doctrine of last clear chance was not applicable to the facts in this case and thus refusing to instruct the jury on this doctrine. As set forth in James v. Keene, Fla.1961, 133 So.2d 297, the last clear chance doctrine is applicable if the following elements are present: 1) that the injured party has already come into a position of peril; 2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; 3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and 4) that he fails to exercise such care. All of these elements must be present in order for the doctrine to apply. An examination of the facts of this case indicates that one of the elements is lacking here. The defendant was just over the bridge when he saw the plaintiff on his motorcycle. At this time plaintiff had started to slide across the road, but then he straightened out. At this point plaintiff thought that the motorcycle was under control and that there would be no accident. Then when the plaintiff was about two car lengths from the defendant, the motorcycle started to slide again. Defendant put on his brakes and stopped his car. By this time though, the plaintiff had already been struck by defendant’s car. Actually the defendant did not realize that there would be a collision until plaintiff was only two car lengths from him. There was not sufficient reaction time for the defendant to have avoided the collision. Thus the third element of last clear chance, i. e., that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm, is lacking in this case. Since all of the elements of last clear chance are not present, the trial judge was correct in refusing to instruct the jury on the doctrine.
After an examination of the record, plaintiff’s other allegations of error would not warrant reversal of the case for a new trial. Therefore, the judgment of the lower court is affirmed.
Affirmed.
ODOM, ARCHIE M., Associate Judge, concurs.
LILES, J., dissents with opinion.