LILES, Judge
(dissenting).
Upon a careful examination of the evidence in this record and a review of the cases in point, I must reluctantly dissent from the majority opinion. While certain elements are necessary before the doctrine of the last chance can be applied, the Supreme Court in Falnes v. Kaplan (Fla.1958) 101 So.2d 377, has said:
“[0]ur re-examination of decisions on the subject confirms the view that no definite rule can be stated with reference to factual situations in which the charge should or should not be given, but that each case must be its own criterion.” (Emphasis added.)
Therefore, all of the evidence, in addition to the facts as set forth in the majority opinion, must be considered. Photographic evidence showed that the motorcycle collided with the center front of defendant’s automobile. Measurements reveal that the point of impact was 10 feet from the curb of defendant’s lane of traffic and 28 feet from the foot of the bridge. The car traveled 46 feet from the point of impact and came to rest with its left wheels just off the pavement. At the point of impact, however, the automobile was less than one foot *285 from the center of the road, with more than six feet of clearance on the street to the right of defendant’s car. Defendant testified that he first saw plaintiff while he was still on the bridge, a distance of more than 100 feet, and realized that plaintiff had lost control of the motorcycle. Under these circumstances, it cannot be said, as a matter of law, that “There was not sufficient reaction time for the defendant to have avoided the collision.” This was a question of fact for the jury to determine. Wawner v. Sellic Stone Studio (Fla.1954), 74 So.2d 574. Citing the Wawner case in Radtke v. Loud, 98 So.2d 891 (D.C.A.Fla.1957), the court held:
“Where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence, the court’s charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.”
In this day of heavy traffic congestion and high speed motor vehicles, a skidding motorcycle unquestionably presents a position of peril for its driver even though the vehicle might not be immediately and directly in the path of an oncoming car. The principle set forth in Thornton v. Fishbein, 185 So.2d 774 (D.C.A.Fla.1966), which involved a pedestrian accident is equally applicable to the present case:
“However, a review of decisions on this point reveals that a plaintiff may already be in a position of peril even though he is not directly in the path of the defendant’s oncoming vehicle.”
In view of the facts as set forth, there is sufficient evidence upon which the jury might well conclude that defendant, in the exercise of reasonable care, could have avoided the accident. Purdue v. Vogelsang, 166 So.2d 902 (D.C.A.Fla.1964). Whether or not the jury would so find, I cannot say, but I do affirm the principle set forth in Kravitz v. Morse Auto Rentals, Inc., 166 So.2d 619 (D.C.A.Fla.1964), wherein the court said:
“It is not for us to say that the jury should apply the doctrine of last clear chance, but only to determine if sufficient evidence is available to the jury upon which a determination can be made as to whether it should apply or refuse to apply the doctrine.”
For the foregoing reasons, I find that the court committed reversible error in failing to give the requested instruction on the last clear chance doctrine and would remand the case for a new trial.