385 F.2d 1010
 Gladys ALFORD, Individually and as Administratrix of the
Estate of George W. Alford, Deceased, Appellant,
v.
Charles Edward BLAKE, Jr. and Clarence Harland McCaskill, Appellees.
 No. 24007.
 United States Court of Appeals Fifth Circuit.
 Aug. 15, 1967.
 
 Charlie Luckie, Jr., Tampa, Fla., Joe A. McClain, Dade City, Fla., Charles W. Pittman, Tampa, Fla., for appellant.
 John W. Boult, Tampa, Fla., for appellees.
 Bofore WASHINGTON,[1] TUTTLE and SIMPSON, Circuit Judges.
 TUTTLE, Chief Judge:
 
 
 1
 This is a wrongful death action arising from an automobile collision. The jury found in favor of the defendants. We reverse because of errors in the court's instructions.
 
 
 2
 Appellant's decedent was driving his Falcon automobile south on a two-lane highway, followed immediately by two passenger autos, and then by Appellee's tractor trailer unit which was loaded with frozen chicken. Decedent began a left turn onto a side road leading to the subdivision where he lived. The two passenger cars passed the Falcon on the right, driving onto the paved apron of a service station in the process. As decedent began his turn, appellee's truck moved into the left lane to pass.
 
 
 3
 Impact occurred at the left rear fender of the Falcon, which was spun around and rolled up under the truck. There was conflicting evidence as to whether decedent signalled his intention to turn. The evidence did indicate that Appellee was exceeding the speed limit slightly and did not sound his horn before attempting to pass. Appellant's theory is that the truck was behind the Falcon and had not completely crossed the center line of the highway when the Falcon began its turn. Appellees' theory is that the truck was in the left lane alongside the Falcon when the latter turned in toward the truck.
 
 
 4
 1, 2$ Appellant contends first that the court's instruction on the doctrine of sudden emergency was not warranted by the evidence. Under that doctrine a driver is not expected to exercise the cool and deliberate judgment which subsequent investigation suggests would have been the more prudent course. Dupree v. Pitts, 159 So.2d 904 (Fla.App.1964). The doctrine is not applicable unless the evidence is sufficient to support a finding (1) that an emergency actually or apparently existed, (2) that the emergency was not created or contributed to by the person confronted, (3) that alternative courses of action were open to the person confronted, and (4) that the action in fact taken was such as might be taken by a person of reasonable prudence under similar circumstances. Kreiger v. Crowley, 182 So.2d 20 (Fla. 1965).
 
 
 5
 We conclude that this portion of the instructions was properly given. The evidence was sufficient to support a finding of each of these elements. Furthermore, the instruction was so framed that its benefits would inure to either driver, in the event the jury found that there was an emergency and that one of the drivers did not negligently cause it.
 
 
 6
 Appellant's second contention is that the court erred in refusing the requested charge on the doctrine of last clear chance. We agree. There was ample evidence to support a finding in favor of Appellant's theory that the truck was behind the Falcon when the deceased began his turn to the left and that decedent had signalled a left turn. If the jury should so find, then the last clear chance doctrine would be clearly relevant. The Court's refusal to give the requested instruction was grounded upon its conclusion that the truck could not possibly have stopped in time to avoid colliding with the Falcon. Without disputing the truth of this conclusion, it is sufficient to note that the evidence showing that two passenger automobiles had passed the Falcon on the right is enough to create a question of fact whether alternative courses of action were open to the driver of the truck. Furthermore, in granting the requested charge on sudden emergency, the court had previously ruled, by necessary implication, that the evidence was sufficient to create a question of fact whether alternative courses of action were available to Appellee truck driver.
 
 
 7
 Where a plaintiff driver places himself in a position of peril through his own continuing negligence, he may not cast upon the defendant driver the burdens of the last clear chance doctrine unless the defendant driver actually saw and understood the plaintiff's position of peril. Morse Auto Rentals, Inc. v. Kravitz, 197 So.2d 817 (Fla.1967); Connolly v. Steakley, 165 So.2d 784 (Fla.App. 1964). The evidence supporting Appellant's theory of the case was sufficient perforce to support a finding that Appellee actually saw and understood the decedent's position of peril. Consequently, it is unnecessary for us to consider whether decedent's turning to the left amounted to continuing negligence.
 
 
 8
 Finally, Appellant contends the court erred in refusing to charge the law of Florida that truck brakes should be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle. F.S.A. 317.611(5). Violation of such a traffic law is prima facie evidence of negligence. Bryant v. City of Tampa, 100 So.2d 665 (Fla.App.1956). There was evidence of cosiderable disparity between the length of skid marks left by the tires of Appellee's truck. This evidence raised the question whether Appellee's truck, after the brakes had been applied, could have been maneuvered around the Falcon or otherwise so as to avoid the collision. The prima facie standard of conduct provided by the statute was germane to the jury's consideration of this question. The answer to this question bears in turn, upon the issues whether Appellee was negligent in the maintenance of the vehicle and whether Appellee had alternative courses of action available after the brakes were applied. It was thus error for the court to deny this request to charge.
 
 
 9
 The other points raised by Appellant, relating to the conduct of the court and the grammatical structure of the instructions are without merit.
 
 
 10
 The judgment is reversed and the case is remanded for a new trial.
 
 
 
 [1]
 Senior Judge, D.C. Circuit, sitting by designation