SPECTOR, Judge.
This is an appeal from a final judgment based upon a jury verdict for the defendant in an automobile intersection collision case.
The primary question presented for our consideration is whether the trial judge committed reversible error in refusing to instruct the jury on the doctrine of last clear chance.
The plaintiff, appellant here, is the surviving spouse and personal representative of Horace W. Copeland, Sr., who apparently died as a result of injuries sustained in a collision occurring at the corner of Tharpe Street and High Road in Tallahassee, Florida. The defendant, appellee here, was traveling eastward on Tharpe at about 7:30 A. M. on a clear morning at the speed of approximately forty miles per hour. The intersection was equipped with an, electric traffic light. Defendant and one-disinterested witness present at the scene both stated that the light was green for the defendant.
The deceased was operating his vehicle in a northerly direction on High Road and entered this Intersection at a slow rate of speed as if to make a right turn at about fifteen miles per hour. At the time, the light was red for the deceased and he failed to stop for it. • The two cars collided, the defendant’s car hitting the deceased’s car in the vicinity of the left front fender, spinning the latter car around to a point some fifty feet from point of impact, and propelling the engine some eighty-five feet through the air. The defendant’s car came to rest some two hundred twenty-six feet beyond the impact point where it jumped a ditch some eight feet wide and two feet deep.
*539 The eyewitness, Mr. Hines, was at a parking lot located adjacent to the intersection and stated that he observed both cars prior to the accident and that it did not appear to him that the deceased was going to stop, having slowed down only enough to make a right turn. He further stated that at this time he looked out Tharpe Street and saw the defendant about one hundred fifty feet away and could tell that the defendant was not going to stop. The officer who investigated the accident testified that one moving easterly on Tharpe Street could see a car approaching the intersection on .High Road for “a long ways,” there being nothing to obscure cars traveling on either street.
The theory of the appellant’s case in support of reversal for failure to give the jury an instruction of the doctrine of last clear chance is simply that if the eyewitness recognized the decedent’s perilous position and there was nothing which would have prevented the defendant from becoming aware of it, then the latter should have recognized the peril to the decedent too. Appellant further urges that at the time the deceased came into his peril by running the red light, the defendant was some one hundred fifty feet away and had sufficient time within which to avoid the accident; if not by stopping, perhaps by slowing and veering.
To borrow from the doctrine itself, it is claimed that the defendant had the last clear chance to avoid the accident.
In James v. Keene, Fla., 133 So.2d 297 (1961), the Supreme Court stated that to justify the giving of an instruction on the last clear chance doctrine, the following elements must be present:
“(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.”
The above rule was recently cited by this Court in Wilder v. Van Dorn, 201 So.2d 775 (Fla.App.1st 1967), an opinion by Judge Carroll wherein the holding was that failure to give the last clear chance instruction to the jury was not error for the reason that there was no demonstration by the evidence adduced tending to show that the defendant had a reasonable opportunity by the exercise of reasonable care to save the injured party from harm.
In a similar vein, this Court stated in Lee County Oil Company v. Marshall, Fla.App., 98 So.2d 510, that it must be shown that time exists within which the party charged can avoid the collision by the use of normal faculties and the exercise of reasonable care. In Kravitz v. Morse Auto Rentals, Inc., 166 So.2d 619 (Fla.App. 3d 1964), it was held that it was error not to give the subject instruction where it was reasonable to infer from the facts that the defendant should have seen the plaintiff’s perilous position in time to avoid the injury.
In the case at bar, the evidence given by Mr. Hines shows the injured party in a position of peril when the defendant was some one hundred fifty feet from him. The defendant himself testified that when he first saw the injured party’s car, they were both in the intersection. If tne defendant’s testimony stood alone in the record, there is no question but that there was no showing of sufficient time within which he could have avoided the collision. Were such the case, there would be no place here for the last clear chance instruction. But the defendant’s evidence does not stand alone. The witness Hines’ testimony, if believed by the jury, could logically have been the basis for the finding that the defendant did have a reasonable opportunity, a last clear chance, in the exercise of reasonable care to avoid the accident. Herein lay the conflict *540 in evidence that should have been resolved by the jury. Questions arising from conflicting evidence in a negligence case, including cases predicated upon the doctrine of last clear chance, should be resolved by a jury under appropriate instructions. Merchants’ Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; Dunn Bus Service, Inc. v. McKinley, 130 Fla. 778, 178 So. 865.
In Purdue v. Vogelsang, 166 So.2d 902 (Fla.App.2d 1964), an eyewitness’s testimony that he saw the plaintiff starting across the street when the defendant was from eighty to one hundred thirty feet from the plaintiff was held to be sufficient evidence that the defendant should have seen the plaintiff and of the applicability of the doctrine of last clear chance. Judgment for the defendant was reversed because of the trial court’s failure to give the requested instruction.
In Connolly v. Steakley, 165 So.2d 784 (Fla.App.2d 1964), the District Court held the last clear chance doctrine was inapplicable because there was no evidence that the defendant could or should have seen the plaintiff there in time to avoid the accident. See also Bethel Apostolic Temple v. Wiggen, Fla., 200 So.2d 797, quashing the opinion of the Third District Court in that case, reported at 192 So.2d 796, the quashal being based on the absence of record evidence from which the jury could properly find that the defendant was or should have been put on notice that the injured party was in a position of peril and that the defendant was capable of avoiding the injury.
We do not hold in the case at bar that the defendant had the last clear chance to avoid the injury here involved. We hold merely that there was sufficient evidence which, if believed by the jury, could support such a finding; and, therefore, the requested instruction should have been given.
Reversed.
CARROLL, DONALD K., J., concurs.
WIGGINTON, C. J., dissents.