PER CURIAM.
The sole point on this appeal is whether the trial court erred in giving a charge to the jury on the last clear chance doctrine.
We have carefully reviewed the record herein and it clearly appears that both parties were guilty of substantially the same type of mutual, or negligent inattentiveness, as was present in Connolly v. Steakley, Fla.App.1964, 165 So.2d 784, certiorari discharged, Fla. 1957, 197 So.2d 524. The opinion of the District Court of Appeal, at 165 So.2d 786 said:
“A plaintiff may not invoke the doctrine unless his own negligence has placed him in a dangerous situation. If, then, the defendant actually sees the plaintiff’s dangerous situation and should appreciate the plaintiff’s danger, the plaintiff may invoke the doctrine even if the plaintiff’s negligence continues, and concurs with the negligence of the defendant up to the very instant of the injury. But if, instead of actually seeing the plaintiff’s dangerous situation, the defendant merely could have seen it and appreciated it, had the defendant used due care, the plaintiff can invoke the doctrine only if the plaintiff’s negligence terminated, or culminated in a situation of peril from which the exercise of due care on the plaintiff’s part would not thereafter extricate him, and the defendant thereafter could have avoided injuring the plaintiff by exercising reasonable care, but failed to do so.”
This statement seems to encompass the facts involved herein. The charge on the last clear chance doctrine was therefore improper.
Appellees’ contention that appellants did not properly object to the giving of this charge at trial has been considered and is found to be without merit.
It should be pointed out that the charge was given, and final judgment entered by the trial court, prior to the time of the issuance of the Supreme Court ruling in the case of Connolly v. Steakley, supra.
The final judgment is therefore reversed and the cause remanded for a new trial in accordance herewith.
It is so ordered.