PER CURIAM.
Appellant brings this appeal from a judgment entered on a jury verdict awarding damages to appellee.
The suit was brought by appellee for the wrongful death of her husband resulting from an intersectional collision between appellant’s truck and a truck being driven by the decedent. It was conceded that both appellant’s driver and the decedent were negligent (the former by speeding, the latter by running a stop sign), that the decedent’s negligence continued to the moment of impact, and that the case turned on the applicability of the last clear chance doctrine. The trial court submitted such issue to the jury, and the propriety of its doing so forms the basis of appellant’s main contention of error.
Upon consideration of the testimony taken at the trial, we conclude that the evidence supported a finding that appellant’s driver actually saw the decedent at at time when the decedent was already in a position of peril (i. e., before he reached the stop sign), see Thornton v. Fishbein, Fla.App.1966, 185 So.2d 774, 777; that appellant’s driver should at that time have appreciated the danger; and that if he had so appreciated such danger he could have avoided the collision through the exercise of reasonable care. Consequently, the trial court correctly submitted the last clear chance issue to the jury. See Merchants Transp. Co. v. Daniel, 1933, 109 Fla. 496, 503, 149 So. 401, 403; Connolly v. Steakley, Fla.App.1964, 165 So.2d 784, 786, cert. discharged, Fla.1967, 197 So.2d 524 (containing an exhaustive and scholarly survey of the last clear chance doctrine in Florida by Justice O’Connell in a concurring opinion).
We also find that appellant’s other assertions of error are without merit. Accordingly, we affirm the judgment here appealed.
Affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.