PER CURIAM.
In this automobile negligence case, the plaintiffs suffered a directed verdict at the close of their case and now appeal from the judgment entered thereon.
Plaintiffs’ decedent was driving northbound on divided 4-lane U. S. No. 1 north of Cocoa, Florida. Nearing the intersection with Fay Boulevard, he entered the left turn lane, slowed to approximately 20 mph, and at the intersection made his turn to the west. Apparently, without stopping, he proceeded westerly across the width of the median strip and the easterly southbound lane, and was struck broadside by defendant’s southbound vehicle in the westerly southbound lane. Defendant, a Florida Highway patrolman operating a patrol car southbound on U. S. No. 1 at a speed in excess of 80 mph, approached the intersection while in the eastern most southbound lane but upon observing that plaintiffs’ decedent was making a left turn across his path, moved into the western most southbound lane. He took no other evasive action or sounded any warning up to the time of the collision.
Admittedly, this “statement of facts” takes the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the plaintiffs’ case. The trial court felt that on this set of facts, the contributory negligence of plaintiffs’ decedent was established as a matter of law. We are of the view that under this set of facts the question of his contributory negligence and whether it was the proximate cause of the collision under the doctrine of last clear chance, were issues properly for the jury. It was error to direct the verdict. Zimmerman v. Langlais, Fla.App. 1971, 248 So.2d 694; Copeland v. Perdue, Fla.App.1967, 205 So.2d 537; Cash v. Gates, Fla.App.1963, 151 So.2d 838.
The judgment is reversed and this cause remanded for a new trial.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.
REED, C. J., dissents without opinion.